PHILIP D. HEINZ, RESPONDENT, v. THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, APPELLANT.

Submitted December 11, 1916—Decided March 5, 1917.

1. Where a defendant in an action in the Supreme Court, tried at Circuit, elects to apply for and obtain a rule to show cause why a new trial shall not be granted, and no points are expressly reserved in the rule, he is barred from taking or prosecuting an appeal except upon matters of law arising upon the face of the record.

2. On defendant's rule to show cause why a verdict in the Supreme Court should not be set aside as excessive and a new trial granted, that court has power, in the exercise of its discretion, to give the plaintiff the option of accepting a reduced verdict, or being put to a new trial. This power exists not only in actions based upon contracts, but also in actions for unliquidated damages for torts, and when, in such a case, the plaintiff has filed a *remittitur* of so much as the court deemed excessive, and judgment has been entered for the reduced verdict, this court will not review the action taken by the Supreme Court on the appeal of the party in whose favor the reduction was made.

3. Although the appellate court has the power to dismiss an appeal which is manifestly and palpably frivolous and without merit, it will not, as a rule, dismiss on such ground, in the absence of a motion for that purpose, but will affirm the judgment below.

On appeal from the Supreme Court.

For the appellant, *Frederic B. Scott.*

For the respondent, *William H. Morrow.*

The opinion of the court was delivered by

TRENCHARD, J. The plaintiff below had the verdict of a jury at the Sussex Circuit in an action in the Supreme Court for damages to his person and property in a railroad crossing accident.

The defendant obtained a rule to show cause why a new trial should not be granted. No points were reserved in the rule.

From the judgment record it appears that the Supreme Court, after a hearing, determined that the verdict of $11,300 was excessive, and ordered that it should be set aside and a new trial be had unless the plaintiff remitted the sum of $1,355 from the verdict.

Thereupon the plaintiff remitted such sum of $1,355 and accepted the sum of $9,945 in lieu of such verdict, and judgment was entered accordingly.

The defendant appeals from that judgment.

We are of the opinion that the appeal is so clearly without merit as to justify us in characterizing it as frivolous.

The legislature has declared that the "granting to a party a rule to show cause why a new trial shall not be granted, shall be a bar against him to taking or prosecuting an appeal, except on points expressly reserved in said rule." *Pamph. L.* 1912, *p.* 399, *rule* 83.

Since the defendant elected to apply for and obtain the rule, and since no points were expressly reserved in the rule, the defendant is barred from taking or prosecuting an appeal, except upon matters of law arising upon the face of the record.

The defendant, however, contends that in an action such as this, sounding in tort for unliquidated damages, the Supreme Court was without power to deny a new trial upon condition that the plaintiff should remit a part of the verdict, and assigns such action as a ground of appeal.

It is quite true, as pointed out in *Noxon* v. *Remington,* 61 *Atl. Rep.* (*Conn.*) 963, that upon this point the practice is not uniform in the different jurisdictions.

In England the power is denied in *Watt* v. *Watt, L. R. App. Cas.* (1905) 115, overruling *Bell* v. *Lawes,* 12 *Q. B. D.* (1884) 356.

On the other hand, the practice of requiring the plaintiff in such cases to submit to a new trial unless he remits a part of the verdict, the amount of which is clearly excessive, is sanctioned by the Supreme Court of the United States and by many of our state courts. *Arkansas Cattle Co.* v. *Mann,* 130 *U. S.* 69; *Chicago City R. Co.* v. *Gemmill,* 209 *Ill.*

638; *Landry* v. *New Orleans Shipwright Co.,* 112 *La.* 515; *Adcock* v. *Oregon R. & N. Co. (Or.),* 77 *Pac.* 78; *Bailey* v. *Cascade Timber Co.,* 35 *Wash.* 295; *Ingraham* v. *Weidler,* 139 *Cal.* 588; *Noxon* v. *Remington, supra.*

Many cases from different states are cited in 18 *Enc. of P. & P.* 125-127, in support of the statement in the text that the power of a court to permit or require the entry of a *remittitur* in actions for unliquidated damages for torts, when the damages awarded ·by the jury are excessive, exists by the great weight of authority.

In this state the Supreme Court undoubtedly has power, on defendant's rule to show cause why a verdict in that court should not be set aside and a new trial granted, to give the plaintiff the option of accepting a reduced verdict, or being put to a new trial. That power has been frequently exercised, not only in cases based upon contracts (*New Jersey Flax Cotton Wool Co.* v. *Mills,* 26 *N. J. L.* 60; *Budd* v. *Hiler,* 27 *Id.* 43; *Rafferty* v. *Bank of Jersey City,* 33 *Id.* 368, and *Newell* v. *Clark,* 46 *Id.* 363), but also in actions for unliquidated damages for torts. *Jackson* v. *Traction Co.,* 59 *Id.* 25; ·*May* v. *West Jersey, &c., R. R. Co.,* 62 *Id.* 67; *Rafferty* v. *Erie R. R. Co.,* 66 *Id.* 444, and *Baldwin* v. *Thompson,* 70 *Id.* 447.

So well settled in this state is the power of the trial court, to put the plaintiff to an election of accepting a reduced verdict or a new trial, in order to do substantial justice and save the expense of a new trial, that hitherto it seems not to have been seriously questioned.

Of course the court is within the limits of· its authority when it sets aside a verdict of a jury and grants a new trial where the damages are palpably excessive, and no appeal lies therefrom.

So, too, of course, the refusal to grant a new trial is within the power of the court, and is no ground for appeal. *De Mateo* v. *Perano,* 80 *N. J. L.* 437.

In considering whether a new trial shall be granted upon the ground that the verdict is excessive, the trial court neces-

sarily determines, in its own mind, whether a verdict for a given amount would be excessive. The authority to determine whether the damages are excessive implies authority to determine when they are not of that character. To require a plaintiff to submit to a new trial, unless by remitting a part of the verdict he removes the objection that the damages are excessive, certainly does not deprive the defendant of any right or give it any cause for complaint. It is in no sense an impairment of the constitutional right of trial by jury. *Arkansas Cattle Co.* v. *Mann, supra; Noxon* v. *Remington, supra.* Since the reduced sum required to be paid by the judgment, after the *remittitur* has been filed, is a part of the damages assessed by the jury, the defendant cannot be heard to say that such reduced damages were not assessed by the jury.

But the defendant contends that the plaintiff could not have been required to remit a part of his verdict except upon the theory that the jury in finding their verdict were governed by passion or prejudice, and that, therefore, it should have been set aside as unfit for the basis of a judgment.

Undoubtedly if the Supreme Court had entertained such view of the motives and conduct of the jury, it would have set aside the verdict and submitted the case to another jury. But with that matter we are not concerned on this appeal. Our function is merely to ascertain whether there is any error apparent upon the face of the record which is subject to review on this appeal. We think there was none.

As we have pointed out, the refusal of a new trial in the Supreme Court is not subject to review by this court. That is a matter resting in the discretion of the trial court. *De Mateo* v. *Perano, supra.* And it is equally beyond our authority to review, upon the appeal of the party against whom a verdict is rendered, an order discharging a rule to show cause why a new trial should not be granted, after the plaintiff, with leave of the court, has remitted a part of the verdict. Whether a verdict should be entirely set aside as

excessive, or as the result of passion or prejudice, or whether it should stand after being reduced to such an amount as would relieve it of the imputation of being excessive, are questions addressed to the discretion of the trial court and cannot be reviewed on appeal at the instance of the party in whose favor the reduction was made. *De Mateo* v. *Perano, supra; Flanigan* v. *Guggenheim Smelting Co., 63 N. J. L.* 647; *Arkansas Cattle Co.* v. *Mann, supra.* If the Supreme Court had discharged the rule and entered judgment for the full amount of the verdict, the defendant on appeal to this court could not have questioned the judgment as excessive. There being no points reserved in the rule, we could only, in that case, have considered matters of law arising upon the face of the record. And we can do no more when the defendant brings to us a record, showing that the court below has, in the exercise of its discretion, compelled the plaintiff, as a condition to its refusing a new trial, to remit a part of the verdict.

No doubt this appeal, being manifestly and palpably frivolous and without merit, was subject to dismissal. But no such motion was made, the plaintiff below apparently preferring an affirmance of his judgment. In such case the latter course will be pursued.

The judgment below will be affirmed, with costs.

*For reversal*—None.