OLGA HEINZ, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF ADOLPH HEINZ, DECEASED, AND OLGA HEINZ, INDIVIDUALLY, PLAINTIFF-RESPONDENT, v. ATLANTIC STAGES, INCORPORATED, A CORPORATION OF THE STATE OF DELAWARE, DEFENDANT, AND SUN OIL COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, JOINTLY AND INDIVIDUALLY, DEFENDANT-APPELLANT.

ROBERT C. INGERSOLL, ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF MINA INGERSOLL, DECEASED; HELEN INGERSOLL, ALICE FRAZER AND ELMER FRAZER, PLAINTIFFS-RESPONDENTS, v. ATLANTIC STAGES, INCORPORATED, A CORPORATION OF THE STATE OF DELAWARE, DEFENDANT, AND SUN OIL COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, JOINTLY AND INDIVIDUALLY, DEFENDANT-APPELLANT.

Argued May 17, 1934—Decided September 27, 1934.

For the appellant, *Walter S. Keown* (*Schneider & Schneider,* of counsel).

For the respondents, *Albert S. Woodruff*.

The opinion of the court was delivered by

HETFIELD, J. This is an appeal from six judgments of the Supreme Court, Camden Circuit, entered upon the joint verdict of a jury against the present appellant and the Atlantic Stages, Incorporated, the other defendant, which has not appealed. The judgments represent damages obtained by the plaintiffs for injuries received as the result of the defendants' alleged negligence. Two of the actions were instituted under the Death act, but all of the cases were tried below, and argued before this court together. The injured persons were passengers on a bus owned and operated by the Atlantic Stages, Incorporated, which on the night of August 11th, 1932, about ten-thirty o'clock, ran into the rear of a tank trailer attached to an auto truck of the Sun Oil Company, just as the truck had or was about to stop along the White Horse pike, near the town of Cologne, Atlantic county.

The principal ground relied upon for a reversal, is that the action of the court below, in directing that the trial proceed in the absence of the attorney of record, and refusing to allow a postponement or continuance, constituted an abuse of discretion. There are numerous statements and facts contained in the appellant's brief, with respect to this point, which are not warranted or supported by the record, and therefore will not be referred to or considered in passing upon the appeal. The record as presented, shows that Mr. George Rothermel, a counselor-at-law of this state, who was associated in the practice of law with Mr. Keown, the attorney of record, appeared in court on the Friday preceding the Monday when the present cases were moved for trial, and on behalf of the appellant, answered when the list of cases was called. These cases were then marked "ready," and placed upon the actual trial list for the coming week. When the cases were moved for trial, Mr. Rothermel stated to the court, in substance, that the attorney of record was then engaged before the United States District Court, at Trenton, in the actual trial of a case, which had started that morning, and

that he had endeavored to get in touch with the appellant and obtain permission to try the case in Mr. Keown's absence, but had been unsuccessful, and that he did not care to assume the responsibility of trying the case without instructions from their client to that effect, but that if the court would instruct him to so act, it would relieve him of the responsibility. To this the court replied, "all right. We will proceed." Mr. Rothermel then made the request, which the court granted, that his opening to the jury be deferred until some later time when he was "more familiar with the situation." The trial then proceeded, and Mr. Rothermel represented the interests of the appellant during the presentation of the plaintiffs' cases. Mr. Keown appeared at noon on the third day of the trial, and made the opening address to the court and jury, on behalf of the appellant, and among other things, stated that he had been engaged the two preceding days in a trial before the United States District Court, and gave as a reason for his late appearance on that day, "I had a case in Cape May Court House this morning that looked as if it was to be reached and I was compelled to go there. A phone call from here to there brought me here, and that is the reason why I am here now." The defendants' case was then presented, and Mr. Keown examined and cross-examined all witnesses called by the defendants, and offered in rebuttal by the plaintiffs.

The appellant contends that Mr. Rothermel was obliged to try the case by reason of being so directed by the court. This is not the fact, as the record shows that during the trial Mr. Rothermel stated: "I am here because the court ordered me to be here," to which remark the court replied, "I didn't do that. * * * What I said was that we would proceed with the trial. * * * My position is I ordered the case to go on. Whether the Sun Oil Company or the insurance company representing them or guaranteeing them were represented or not was entirely a matter with your office. I have no power to order you to go on. You weren't appointed at all, so far as I was concerned." It is therefore apparent that Mr. Rothermel's representation of the appellant during part

of the trial was at his own election. It does not appear that the trial court at any time was directly requested to continue or postpone the trial, but was simply informed that Mr. Keown was engaged in another case, and that Mr. Rothermel had no authority to represent the appellant, although during the course of his argument, he referred to the appellant as "our client." The record indicates that no objection was made or exception taken to this ruling, until all parties had rested, and counsel were about to make their final address to the jury, at which time Mr. Keown, who had then been engaged in the trial for three days, stated that he wanted the benefit of an exception, to the fact that the case was moved and was permitted to be tried while he was engaged in another court. The court allowed the exception, although no objection had been made during the course of the trial by either counsel. It is therefore fair to assume that Mr. Keown did not conclude that the court's action was harmful to the appellant until all the evidence had been submitted and his motion for a direction had been denied. The record justifies the inference that Mr. Keown knew the position of this case on the trial list three days before it was moved, and also the fact that two other cases in which he was interested would probably be called for trial about the same time. In view of the fact that this knowledge was possessed by both the attorney of record and his associate, it is difficult to conceive that Mr. Rothermel was permitted to appear in court on the trial day totally unprepared, and represented the appellant without being so authorized. It is not intimated or pointed out, in what respect the appellant's interests would have been better protected, had the attorney of record been present at the commencement of the trial. In fact, counsel in his argument states: "Without attempting in any way to reflect upon Mr. Rothermel's ability as trial counsel, it is possible that in some of his actions during his conduct of the trial he may have prejudiced the members of the jury against the interests of the defendant-appellant." It would therefore seem that the only harm that could have been caused by the appearance of Mr. Rothermel, was the *possibility* that in some manner

he *might* have prejudiced some member of the jury against the appellant. We think the record clearly shows that the appellant's cause was well conducted by Mr. Rothermel, notwithstanding the contention that he was unprepared, and no facts are presented which would indicate that Mr. Keown was more conversant with the case than his associate.

There may be circumstances under which a trial court would be justified in delaying a trial by reason of conflicting trial engagements of counsel, but it would require a showing of a necessity for the presence of a particular counsel, far greater than is disclosed in this case, before this court would be justified in finding that the refusal to postpone constituted an abuse of discretion. If a fixed rule were adopted, that whenever counsel had conflicting trial engagements, a continuance should be granted, it would render possible such delays as would interfere with the administration of justice. The disposition of the vast amount of litigation pressed upon the attention of our courts, cannot be subjected to such contingencies, unless in the court's judgment, a delay is warranted by the facts presented. This court will not reverse a judgment on account of a decision of the trial court, in respect to either a postponement or a continuance, except where it very clearly appears that the court's discretion has been erroneously exercised.

It is urged that the court erred in instructing the jury as follows: "I think I may say to you without question that it is conceded by counsel for both sides that the plaintiffs are entitled to recover from one or the other of the defendants in the case." The argument in support of this contention, is that the charge amounts to an instruction to the jury that a verdict must in all events be returned in favor of the plaintiffs, and that counsel had so conceded, and that the remarks are not supported by the record. We think the record justifies the instruction. Counsel for the appellant, when making the motion for a nonsuit, charged but one party with negligence, and that was the operator of the bus; and when taking exception to the judge's charge, stated: "I conceded that the most that the plaintiffs were entitled to receive was

against one, but not one or the other." There is nothing in the record to indicate that either defendant charged negligence on the part of anyone, except the other defendant; and we incline to think that the circumstances of the accident were such as to indicate without question, negligence on the part of either one or both of the defendants. This court, in the case of *Mettie* v. *DeBaghian et al.,* 103 *N. J. L.* 118, held that such a charge was proper under the circumstances.

It is also argued, that it was error on the part of the trial court to refuse permission for the taking of testimony relating to newly discovered evidence and misconduct of the jurors, to be used on an application for a new trial. We think the trial court properly ruled (1) that the testimony of the jurors could not be received and considered by the court, citing *Lindauer* v. *Teeter,* 41 *N. J. L.* 255; (2) that with respect to the other testimony desired to be taken, the affidavits submitted were not sufficient, if supported by testimony, to justify the awarding of a new trial, and (3) that the other matters referred to in the application, were merely cumulative of that introduced at the trial. An examination of the record shows that the action of the trial court on the application for a new trial, was justified, and not as abuse of sound discretion.

We have examined the other reasons specified and relied upon by the appellant for a reversal of the judgments, and find them to be without merit, and do not think they warrant any comment.

The judgments under review are affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.