### THE BOROUGH OF HAWTHORNE, A MUNICIPAL CORPORATION, PLAINTIFF-RESPONDENT, v. THOMAS JOWETT ET AL., DEFENDANTS-APPELLANTS.

Submitted May 17, 1938—Decided September 16, 1938.

For the plaintiff-respondent, *Archibald Krieger* and *John D. Masterton*.

For the defendant-appellant, *Andrew Foulds, Jr.*

The opinion of the court was delivered by

CASE, J. The borough of Hawthorne brought this suit against Thomas Jowett, who is shown by the proofs to have been director of the department of public works of that borough, and six others, alleging a conspiracy to defraud the municipality by the submission of fictitious bills as the result of which the municipality was defrauded of the sum of $41,064.78, for which, with lawful interest, claim was made. Trial was moved against Thomas Jowett and another, and judgment was entered against both defendants in the amount of $42,919.03 on a jury verdict. The appeal is by Thomas Jowett only. Such facts as are necessary to a decision will appear in the course of the opinion.

Appellant's first point is that the court, over defendant's objection, proceeded to trial without a transcript of the pleadings. The trial began on November 23d, 1937. It lasted, with the usual adjournment over Saturday and Sunday, until December 1st. The transcript was produced on the second day, but the appellant argues that the trial could not lawfully begin until the official transcript was in the hands of the trial judge. Whatever the technical procedure should be, no harm is shown or alleged to have come to the appellant and consequently there is no ground for reversal.

It is next said that the court erroneously denied the application for a continuance made on the ground of the illness and inability of the defendant to be present or testify. A motion for a continuance is addressed to the sound discretion of the trial judge, to be exercised with a view to the manifest rights of the parties and the prevention of injustice and oppression under all the circumstances of the case. An appellate court will not interfere with the exercise of this discretion unless the action of the trial court is plainly erroneous and is a clear abuse of its discretion. *Michael* v. *Southern Lumber Co.*, 101 *N. J. L.* 1; *Fuller* v. *Saxton*, 20 *Id.* 61.

In making the motion, defendant's attorney presented a physician's certificate which appears to have been marked as an exhibit but is not before us. It further appears that the trial judge, for his independent information, obtained a report from two other physicians which likewise was marked as an exhibit but is not printed; although it is noted in the record that one of the physicians was of the opinion that the defendant was not and would never be able to give testimony either in court or at home or to have cognizance of the matters connected with the suit. The brief asserts that the medical opinions were erroneous and that the defendant will be able to attend and give his testimony if opportunity be had; but that is only an assertion and perhaps only a visionary hope; it has no support. Too, if the ruling was in error it must have been erroneous as of the time it was made and in the light of the then existing conditions. It does not clearly appear that such error existed. The ruling does not furnish ground for reversal.

The third and fourth points are that the court denied defendant's motion for a nonsuit and a direction of verdict. These points may be considered together for the reason that an error in refusing a nonsuit is cured if sustaining proofs come in later. *McGee* v. *Kraft,* 110 *N. J. L.* 532. There was an abundance of evidence that the bills presented against the borough were paid by checks the proceeds of which were fraudulently and ratably divided amongst a number of persons, including the appellant, who worked together to mulct the borough treasury, and there was enough proof to go to the jury to the effect that at least some of the materials thus billed either were not received, *e. g.,* one thousand feet of lumber, two by eight by sixteen, $44, or were fraudulently billed in excess amounts, *e. g.,* four bearings and a length of cable delivered to the borough, assembled by a borough employe, and billed, at the insistent direction of appellant, as "one sewer cleaning device" at the excessive price of $300. The amount of the verdict is, of course, not before us for review. The evidence and the inferences reasonably arising therefrom were sufficient to support a verdict in some amount for the plaintiff. Therefore the motions for nonsuit and direction were properly denied. *S. Kosson & Sons* v. *Union Building, &c., Co.,* 108 *Id.* 111.

The ruling next complained of is the court's refusal to charge the defendant's fourteenth request: "The defendant Thomas Jowett is not charged in the pleadings in this cause with any breach of official duty." It is true that the complaint did not ground in malfeasance or misfeasance in public office; but the complaint did charge that Jowett conspired with others to cheat and defraud the borough of sums of money and that all of these persons, through a system whereby Jowett approved for payment bills against the borough prepared in fictitious names for pretended materials and supplies, unlawfully obtained money from the borough; and the fact is that Jowett was the director of the department of public works. The act with which Jowett was charged in the complaint was, when analyzed, a breach of his official duty. The request was couched in misleading terms and was not necessary to a

fair disposition of the issue because the case did not go to the jury upon the question of guilt or innocence of misconduct in office. The judge was within his judicial authority in refusing the request.

A further request to charge, presented under the appellant's next point, was, for much the same reason, properly refused.

Appellant's final point is that the court erroneously framed the verdict of the jury. It has reference to certain instructions from the court to the jury when the jury, having retired and deliberated, undertook to report a verdict; but we find no objection or other challenge interposed at the trial. Hence, the instructions will not be reviewed in this, a civil, action. *Kargman* v. *Carlo*, 85 *N. J. L.* 632, 638.

Our conclusion, therefore, is that the judgment below should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 16.

*For reversal*—None.