JOHN H. WILSON, PLAINTIFF-RESPONDENT, v. G. R. WOOD, INCORPORATED, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Submitted May 17, 1938—Decided September 16, 1938.

For the respondent, *Albert S. Woodruff*.

For the appellant, *Cecil W. Rotzell*.

PER CURIAM.

Respondent was operating his automobile along a public street in the city of Camden and in approaching a street intersection, in obedience to a traffic signal, brought his car to a stop at the intersection. Appellant was the owner of an automobile bus which was being operated along the same street as that occupied by respondent and in the same direction. As respondent's automobile came to a stop the automobile bus of appellant collided with the rear of the automobile of respondent with such impact as to cause it to be propelled across the intersecting street, over the curb, onto the sidewalk and back again into the street, causing damage to the automobile and to the person of respondent. The collision occurred shortly before mid-day and it appears that the weather was clear and the roadway dry. The jury found a verdict for respondent in the amount of $12,000, which was later reduced by the trial court to $7,500, the reduced verdict being accepted as satisfactory to respondent.

The grounds of appeal concern (a) a ruling of the trial court admitting certain evidence respecting the stoplight on the automobile of respondent; (b) the refusal of the trial court to enter a nonsuit at the close of plaintiff's case, and (c) that the trial judge exceeded his discretion in reducing the verdict as indicated, on the theory that in so doing he was clearly of the mind that the verdict was the result of passion, mistake and prejudice on the part of the jury and, therefore, appellant was entitled to a new trial on the merits.

We have examined the testimony of respondent and are ·satisfied that the action of the trial court in admitting the evidence complained of was proper and that, assuming it to be error, no manifest wrong or injury to appellant resulted therefrom. The motion for nonsuit at the close of plaintiff's case was based upon the theory of contributory negligence, the principal argument being that respondent admittedly did not extend his hand from the side of his automobile in warning to following traffic of his intention to stop. We must bear in mind that this accident occurred during the day time; that the road conditions were good and that following traffic was governed by the operation of the traffic signal light as well. In these circumstances it is clear that the trial court properly denied the motion for nonsuit.

The power of the trial court, in the exercise of its discretion, to give a plaintiff the option of accepting a reduced verdict or going to a new trial is too well established to require citation. Such action is reviewable only upon the ground of abuse of discretion. Appellant makes no convincing argument in this respect.

We are satisfied that the action of the court below in the matters complained of was proper and that the judgment based upon the verdict as reduced by the trial court should be and is hereby affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 16.

*For reversal*—None.