FRANK SALVATO, PLAINTIFF-APPELLANT, v. NEW JERSEY ASPHALT AND PAVING COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Argued October 21, 1946—Decided January 17, 1947.

For the plaintiff-appellant, *Leo Rosenblum*.

For the defendant-respondent, *George D. McLaughlin* (*Philip M. Lustbader,* of counsel).

The opinion of the court was delivered by

OLIPHANT, CHANCELLOR. This is an action in negligence seeking damages for personal injuries sustained by the appellant while on the premises of the respondent when a steam boiler owned and operated by the respondent exploded. A jury in the Hudson Pleas returned a verdict in favor of the appellant and against the respondent for $8,500 and costs, and a final judgment was entered thereon.

Prior to the rendition of this verdict the jury had previously come in and returned the following verdict:

"The Foreman: Your Honor, we the jury find that the plaintiff, Frank Salvato, has cause for action in the amount of $5,000 plus medical, legal and court costs."

The court then instructed it as follows:

"Well, the court at this time might say to you, members of the jury, that your verdict must be in one sum and not carry with it any particular condition. You must determine that sum, including any hospital bills, medicines, other charges and expenses incurred by the plaintiff. So that you may return and consider of your verdict. But your verdict must be in a lump sum in which is included the medical expenses, hospital bills, doctors' bills and any other bills which have been submitted to you under the evidence."

The jury retired again and returned the aforesaid verdict for $8,500. Counsel for the respondent was not present when the verdicts were returned and the jury discharged. It was not until the next day that counsel asked for and was granted an exception by the trial court to the supplementary charge.

Application was made for a rule to show cause assigning the following reasons: (1) the verdict was the result of bias, prejudice, passion, mistake and grossly excessive; (2) the verdict was contrary to the charge of the court and in-

cluded an improper or illegal element of damage; (3) the verdict was excessive. A rule to show cause was allowed.

On the argument the second ground was withdrawn formally with the approval of the court and thus the exception was saved and is available on appeal. *Molnar* v. *Hildebrecht Ice Cream Co.,* 110 *N. J. L.* 246, 251; *O'Neil* v. *Jacobus,* 112 *Id.* 145 (at *p.* 149). *Cf. Cleary* v. *City of Camden,* 119 *Id.* 387 (at *p.* 389).

The learned trial court discharged the rule to show cause and found that the appellant sustained injuries which are of a serious and permanent nature which in his opinion justified the amount of the verdict and therefore the verdict was not excessive or the result of bias, prejudice, &c.

The respondent took an appeal to the Supreme Court and urged these two points (1) that the trial court erred in not stating to the jury in the supplemental instruction that legal and court costs were not recoverable, and (2) that the trial court abused its discretion in discharging the rule to show cause.

As to the first point the Supreme Court held that an exception taken to a charge after the jury had retired, considered its action under the charge, returned its verdict and been discharged is manifestly too late to serve its purpose, since the supplemental charge was delivered in open court at a time when counsel had the right and the opportunity to be in the court room, and his absence did not serve to curtail the trial court's province to give further instructions in open court as the occasion might demand. We concur in this holding and point out that the primary purpose of an exception to a charge is to call the attention of the trial court to his error at the time and in a manner conducive to its correction at the trial. The correction of such an error by an appellate court at some future time is a secondary consideration that grows out of the refusal of the trial court to correct its own errors. *Lyon* v. *Fabricant,* 113 *N. J. L.* 62 (at *p.* 65). We are constrained to observe that the supplemental charge as given sufficiently instructed the jury that the only costs that could be included in their verdict were those for medical, hospital and other expenses that were put in evidence

at the trial. This would exclude legal expenses because there was no such proof before the jury.

As to the second point raised by the respondent the Supreme Court held that the trial court committed reversible error in discharging the rule to show cause. The reasons stated were that the only proof as to medical and hospital bills showed a total of $155, that the jury under the added instruction that it should incorporate its verdict in one lump sum could only bring in a verdict for $5,155, and therefore the $3,500 increase on the second verdict was excessive and the result of bias and prejudice. Such reasoning is based on the premise that the figure of $5,000 in the first verdict was conclusive as to the damages that could be awarded for the injuries as such. We do not agree with such a conclusion.

The Supreme Court reversed the judgment below and awarded a *venire de novo*.

We are met at the outset with an objection *in limine* that this judgment of the Supreme Court is not a final judgment which may be appealed to this court. The respondent argues that the disposition of a rule to show cause by the trial court and the Supreme Court is not a final judgment, it is a matter resting in the discretion of the court, and a question of abuse of discretion cannot be argued until an appeal is taken from such judgment as is entered at the end of the new trial, citing *Trovato* v. *Capozzi,* 119 *N. J. L.* 147; *Kople* v. *Zalon,* 122 *Id.* 422; *Matthews* v. *Public Service Interstate Transportation Co.,* 130 *Id.* 495. In some of these cases the appeal was from the order of a Supreme Court on a rule to show cause granted by it. Such is not the situation here.

Where, as here, a judgment is removed by appeal or writ of error to the Supreme Court, the judgment of the latter court reversing that of the lower court and remitting the cause for further proceedings according to law, has been held by us to be a final judgment, reviewable by writ of error, on the grounds, that by the writ of error a new suit was instituted, the judgment wherein was final, and that the substantial matter involved was the legality of the original judgment, which was a final judgment, and if legal ought to be restored. *Lee* v. *Heath,* 61 *N. J. L.* 250, 251; *Parks* v. *State,*

62 *Id.* 664, 665; *Morris and Essex Railroad Co.* v. *Orange,* 63 *Id.* 252, 272. This rule controls here and this appeal is properly before this court.

The principal point argued by the appellant is that where the trial court discharges a rule to show cause for the reason that a verdict is not excessive, such findings are *res adjudicata* in the Supreme Court and cannot be disturbed unless the Supreme Court finds an abuse of discretion. *Nelson* v. *Eastern Air Lines, Inc.,* 128 *N. J. L.* 46. The argument is that a consideration of all the proofs as to the injuries leaves the question as to the excessiveness of the $8,500 debatable and therefore there was no abuse of discretion by the trial court.

We find such to have been the situation presented to the trial court.

It is a fundamental rule that on an application for a new trial in actions to recover damages for personal torts, when damages can be gauged by no fixed standards, but necessarily rest in the sound discretion of the jury, the court interferes with the verdict on the mere ground of excessive damages with reluctance, and never, except in a clear case. *Berry* v. *Vreeland,* 21 *N. J. L.* 183, 187. It is likewise a clear principle, long established, that in all applications of this type it is necessary for the court to enter into the nature of the cause, the evidence and facts, the circumstances and situations of the parties in the same manner as the jury. *Vunck* v. *Hull,* 3 *Id.* *578, 581. The amount of the award is a matter primarily vested in a jury and the mere fact that the award is so high that the trial court feels it is too high does not compel the trial court to set it aside. In other words, the mere fact that the verdict seems to the trial judge personally, to be too high does not indicate that it is the result of mistake, passion or prejudice on the part of the jury, when there is sufficient evidence before the jury, which the jury might believe, to justify the verdict rendered. *Gee* v. *Moss,* 108 *Id.* 160. If the rule were otherwise the court could in the exercise of its personal judgment, substitute it for the unanimous judgment of the twelve jurors. This it cannot do under our constitutional guarantees.

There was proof before the jury which, if believed, would sustain the award of $8,500 and the trial court after a consideration of all the facts, circumstances and evidence so concluded and hence it was not guilty of an abuse of discretion when it refused to set the verdict aside and therefore it did not commit reversible error.

As to the circumstance of the two verdicts, the first was in improper form, void and could not be received. When the jury retired after the supplementary instruction it was free to consider the question of the damages *de novo* with due regard to the charge of the court. We cannot say it did not do so. The first verdict was not conclusive as to the award of damages for the personal injuries, on the contrary it was a legal nullity.

The judgment of the Supreme Court is reversed, and the judgment of the Hudson County Common Pleas affirmed, with costs.

*For affirmance*—WACHENFELD, DILL, JJ. 2.

*For reversal*—THE CHANCELLOR, PARKER, BODINE, DONGES, PERSKIE, EASTWOOD, WELLS, RAFFERTY, FREUND, McGEEHAN, McLEAN, JJ. 11.