MORRIS SOKOL, PLAINTIFF-APPELLANT, v. MILTON J.
LIEBSTEIN, T/A UNITED RUBBER MACHINERY EX-
CHANGE, DEFENDANT-RESPONDENT.

Argued February 25, 1952—Decided March 10, 1952.

*Mr. Ira D. Dorian* argued the cause for the plaintiff-appellant.

*Mr. Phil O. Mayer* argued the cause for the defendant-respondent (*Messrs. Mayer and Mayer,* attorneys).

The opinion of the court was delivered by
BURLING, J. This is a civil action for damages for alleged breach of an employment contract. Morris Sokol (hereinafter called the plaintiff) instituted the suit against Milton J. Liebstein, trading as Rubber Machinery Exchange (hereinafter called the defendant) in the Essex County Court and

judgment was rendered on a jury verdict in his favor. On the defendant's motion for new trial the trial court gave the plaintiff the option of accepting a reduced judgment or proceeding with a new trial of the cause. Upon plaintiff's acceptance of the reduced judgment, the defendant appealed to the Superior Court, Appellate Division. That court reversed the judgment of the Essex County Court and ordered a new trial on all issues. The plaintiff thereupon filed a petition for certification with this court, which was granted. *Sokol v. Liebstein*, 8 *N. J.* 249 (1951).

The cause of action springs from a hiring of the plaintiff by the defendant and the subsequent cessation of that employment. The plaintiff claimed, in the first count of the complaint, that the defendant employed plaintiff on or about November 25, 1946, and dismissed him on September 11, 1948; that defendant agreed to guarantee him a minimum annual income of $5,000, against which he had a drawing account on which there was, when the employment ceased, an unpaid balance of $2,603.30, and also agreed to pay a commission to plaintiff of ten per cent on all purchases and sales. It was alleged that if the plaintiff's drawing account of $60 per week, together with his earned commissions, was less than $5,000 at the end of 12 months, defendant would "make up the difference" so that in no event would plaintiff earn less than $5,000 in any 12 months period. Under this count plaintiff demanded $2,603.30, with interest. Under the second count, plaintiff repeated the allegations of the first count relative to the terms of the agreement and alleging he had earned more, by way of commissions added to his "base pay of $60.00 per week" during the period of his employment, than the minimum of $5,000 per year, and that the total balance of pay due plaintiff (including such minimum pay) was $3,395, plus interest. In the third count the plaintiff sought an additional $192.31 severance pay. This third count was withdrawn during the trial. The defendant by his answer entered a general denial. In the pretrial order, the issues were framed as stated in the complaint, the

defendant admitted the hiring but claimed that the agreement was for defendant to pay plaintiff $60 per week, which was later raised by mutual agreement to $75 per week, and also claimed that plaintiff did not consummate the sales and purchases on which he based his claim to commissions. The action was tried before a jury, which returned a verdict for the plaintiff in the sum of $3,395, upon which judgment was entered December 13, 1950. On defendant's motion for new trial, the trial court gave the option to plaintiff to consent to the reduction of the verdict to $2,603.03 or to proceed with a new trial of the cause. Plaintiff's consent was filed January 4, 1951. The defendant appealed to the Superior Court, Appellate Division, which reversed the judgment upon the theory that the trial court must have decided that the jury had incorrectly gauged plaintiff's credibility as to commissions earned, and since plaintiff's credibility was involved in all issues a new trial should have been granted. The plaintiff petitioned this court for certification to review the judgment of the Superior Court, Appellate Division. The petition was granted, as hereinabove noted.

The questions involved on this appeal relate to the application of the powers of the trial court and of the appellate courts to set aside a verdict of a jury and the judgment entered thereon. At the time of the motion for new trial addressed to the trial court in this case, the applicable portion of *Rule* 3:59–1 read: "A new trial may be granted to all or any of the parties and as to all or part of the issues * * *." It may be noted in passing that the rule has since been amended (June 7, 1951 and June 29, 1951) to add the provision that "* * * the trial judge shall not set aside the verdict of the jury as against the weight of the evidence unless, having given due regard to the opportunity of the jury to pass upon the credibility of the witnesses, it clearly and convincingly appears that the verdict was the result of mistake, partiality, prejudice or passion." The language so inserted in the rule was merely a declaration of

the existing procedural law. Compare *Bazinsky v. Conklin,* 8 *N. J.* 40, 42 (1951); *Hager v. Weber,* 7 *N. J.* 201 (1951).

It. is well recognized practice in this State for trial courts to reduce the amount of a judgment and give the affected party the option to consent to the reduced judgment or to proceed to a retrial of the cause as to damages. This is approved and stated to be an exercise of discretion and reviewable only on the ground of abuse of discretion in *Esposito v. Lazar,* 2 *N. J.* 257 (1949), at *p.* 259, citing *Wilson v. G. R. Wood, Inc.,* 121 *N. J. L.* 41, 43 (*E. & A.* 1938) and *Gaffney v. Illingsworth,* 90 *N. J. L.* 490, 491 (*E. & A.* 1917). Compare *Ferry v. Settle,* 6 *N. J.* 262, 265 (1951), *Rempfer v. Deerfield Packing Corp.,* 4 *N. J.* 135 (1949), and *Paolerico v. Wright,* 2 *N. J.* 412, 417 (1949). This settled power of trial courts is, of course, one which should be exercised with caution, with due regard to the rights of both parties, and in those cases where it is certain that the error which resulted in excessive or inadequate damages did not affect the other issues. *Esposito v. Lazar, supra, p.* 260. The defendant does not object to this practice but contends that all the issues in the case were so intertwined in plaintiff's own testimony that the question of defendant's liability was "shrouded in great doubt" and therefore the Appellate Division correctly held that the trial court abused its discretion. With this we are unable to agree.

As noted above, the defendant in the pretrial order admitted the hiring. On the terms of the hiring the evidence introduced at the trial is in conflict. No citation of authority is required for the rule that where there exists a factual conflict the issues should be submitted to a jury, as was here done. In addition, although there existed this conflict, there was corroboration of some elements of plaintiff's testimony in the defendant's own testimony, and there was evidence in the record which permits a conclusion that in some respects defendant's testimony adverse to the plaintiff was to be discredited. The trial court submitted this matter to the jury on a charge to which no objection was taken by

the defendant. The defendant's motion for new trial asserted that the verdict of the jury was against the weight of the evidence in that the verdict was the result of mistake, passion and prejudice; and that there was newly discovered evidence meriting a new trial. The trial court's reduction of the judgment indicates that the reduction was made on the first ground and apparently the second ground was abandoned.

The action of the trial court necessarily relates to the plaintiff's claim (asserted in the second count) for that portion of commissions allegedly earned which was in excess of the minimum salary claimed. The reduction was consistent with the pleadings, the pretrial order, the testimony adduced at the trial, and the charge to the jury. The second count was inclusive of the first count, but claimed the excess in commissions as well as the balance due on the minimum salary. The plaintiff alleged that he made certain sales and purchases, but at the trial he testified to the facts attending those transactions. His testimony in that respect reflects honesty: he testified that in most instances the defendant assisted in making or actually consummated the major part of those transactions. This is a failure of proof of entitlement to commissions and does not constitute declarations of sufficient force to undermine his credibility. A motion for a new trial is addressed to the sound discretion of the trial judge to be exercised with a view to the manifest rights of the parties and the prevention of injustice and oppression under all the circumstances of the case. The exercise of this discretion will be interfered with by an appellate tribunal only when the action of the trial court constituted a clear abuse of that discretion. *Hawthorne v. Jowett*, 121 *N. J. L.* 38, 39 (*E. & A.* 1938); *Heinz v. Atlantic Stages, Inc.*, 113 *N. J. L.* 321, 325 (*E. & A.* 1934). The exercise of discretion implies conscientious judgment taking into account the law and the particular circumstances of the case and is directed by reason and conscience of the judge to a just result. *Carlo v. The Okonite-Callender Cable Co.*, 3 *N. J.* 253, 262–263 (1949); *Hoffman v. Maloratsky*, 112 *N. J. Eq.*

333, 335 (*E. & A.* 1933). Under the circumstances of this case we find no abuse of discretion on the part of the trial judge.

The plaintiff has asserted here that the Superior Court, Appellate Division, erred in reversing the judgment of the Essex County Court on the basis of plaintiff's credibility. The argument before the Appellate Division occurred June 18, 1951, and the decision of the Appellate Division was handed down July 9, 1951. Therefore *Rule* 1:2–20(*a*) as amended June 7, 1951, applied. *Rule* 1:2–20(*a*) as amended provided in part:

"* * * a verdict of a jury shall be set aside as against the weight of the evidence if, having given due regard to the opportunity of the trial court and the jury to pass upon the credibility of the witnesses, it clearly and convincingly appears that the verdict was the result of mistake, partiality, prejudice or passion."

Plaintiff argues that the trial court and the jury had the opportunity to pass on credibility and did so, the trial court reducing the verdict merely because the proofs did not establish the *quantum* of commissions claimed by the plaintiff, and that it does not clearly and convincingly appear that the verdict was the result of mistake, partiality, passion or prejudice. Defendant argues that the "same weight of testimony by the plaintiff" applied on all issues, and therefore the trial court abused its discretion in granting a new trial limited to damages only. The trial court's action has been considered above. As to the action of the Appellate Division, the crux of the controversy in the present case seems actually directed to the meaning of the words "due regard" as used in connection with credibility in the amended *Rule* 1:2–20(*a*) quoted *ante*. Thus the opposing arguments are: plaintiff contends that the Appellate Division did not give due regard to the trial court's and jury's opportunity to judge of the credibility of the witness (plaintiff), and defendant contends that the Appellate Division, giving due regard thereto, found that both the trial court and jury

erred in their judgment of credibility. "Due regard" is qualified and explained by the balance of the language of the rule: it must clearly and convincingly appear that the verdict was the result of mistake, partiality, prejudice or passion. As above determined, we are unable to say that the verdict in this case was so contaminated upon the question of liability. The evidence was fairly susceptible of divergent inferences. To hold that, standing alone, the reduction of a plaintiff's judgment constitutes a declaration by the trial court that the plaintiff's testimony was not credible, not only fails to give due regard to the opportunity of the trial judge and of the jury to consider the credibility of witnesses, but precludes a trial court from reducing a verdict in any case. The reduction of the verdict here meets the tests pronounced in *Esposito v. Lazar, supra.*

For the reasons stated the judgment of the Superior Court, Appellate Division, is reversed, and the judgment of the Essex County Court, as reduced by the trial judge, is reinstated and affirmed.

*For reversal*—Justices OLIPHANT, WACHENFELD and BURLING—3.

*For affirmance*—Chief Justice VANDERBILT and Justice HEHER—2.