27 N.J. Super. 396 (1953)
99 A.2d 537
ORVILLE CASLER, PLAINTIFF-RESPONDENT,
v.
PETER W. WEBER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued August 24, 1953.
Decided September 24, 1953.
*397 Before Judges FREUND, McLEAN and SCHETTINO.
Mr. Richard O. Venino argued the cause for the appellant (Mr. Richard E. Burke, attorney).
Mr. John Warren, Jr., argued the cause for the respondent (Messrs. Parsons, Labrecque, Canzona & Combs, attorneys).
The opinion of the court was delivered by FREUND, J.S.C. (temporarily assigned).
The plaintiff Orville Casler, a commercial fisherman, purchased from the defendant Peter Weber, for the sum of $4,000, two used marine diesel engines, which he alleges were to be complete *398 with generators and voltage regulators, but which essential equipment the defendant failed to deliver. The suit was brought to recover damages in the sum of $594.85 representing the cost of generators and regulators which the plaintiff was obliged to purchase elsewhere in order to complete the installation of the engines in his fishing boat, and in the sum of $1,260 representing loss of profits during the period when he was unable to use his boat, computed at $30 per day for 42 days. The defendant claimed that the engines were sold to the plaintiff on an "as is" basis. The jury returned a verdict in the plaintiff's favor in the sum of $2,094.85, being $200 in excess of the claimed damages, and the defendant moved for a new trial on the ground that the verdict was the result of mistake. When the plaintiff agreed to accept a reduction of the verdict to $1,854.85, the defendant's motion was denied.
The defendant on this appeal argues three points: (1) that the jury's verdict was the result of mistake, passion, partiality or prejudice; (2) that the plaintiff did not adduce sufficient evidence to support his claim for loss of anticipated profits, and (3) that the court erred in denying defendant's motion for a new trial.
The fact that the verdict was in excess of the damages proved by the plaintiff does not, per se, show that it was the result of mistake, passion, partiality or prejudice, and it was well within the discretion of the trial court to reduce the verdict to conform to the proofs. Indeed, the defendant does not charge that there was any abuse of discretion. Heinz v. Delaware, L. & W.R. Co., 90 N.J.L. 198 (E. & A. 1916); Wilson v. G.R. Wood, Inc., 121 N.J.L. 41 (E. & A. 1938); Salvato v. New Jersey Asphalt & Paving Co., 135 N.J.L. 185 (E. & A. 1947); Sokol v. Liebstein, 9 N.J. 93 (1952). Accordingly, the first and third points raised by the appellant are without merit.
Regarding the second point, it should be noted that there was no challenge as to the validity of the contract. The controversy was whether in actuality the contract was as the plaintiff alleged or as the defendant contended. It was *399 the responsibility of the jury to resolve that disputed issue from the evidence presented, and it did so, in favor of the plaintiff.
Nor did the defendant challenge the right of the plaintiff to recover for loss of profits, but only the quantum of the loss and the sufficiency of the evidence adduced thereon.
The rule of law is well settled and has been thus stated by Mr. Justice Heher in Feldman v. Jacob Branfman & Son, Inc., 111 N.J.L. 37 (E. & A. 1933):
"The prima facie measure of damages for the breach of a contract is the amount of loss which the injured party has sustained thereby. He is entitled to the value of the contract to him. It was this that he lost by the default of the other. * * * recovery may be had for lost profits, if the loss results directly from the breach of the contract, or is such as might reasonably be supposed to have been in the contemplation of both parties at the time of the making of the contract, as a result of nonperformance, and if there are any criteria by which probable profits can be estimated with reasonable certainty."
Weiss v. Revenue B. & L. Ass'n, 116 N.J.L. 208 (E. & A. 1935); Marcus & Co., Inc. v. K.L.G. Baking Co., Inc., 122 N.J.L. 202 (E. & A. 1938); Patco Products, Inc. v. Wilson, 5 N.J. 543 (1950).
While it is true that the plaintiff was his only witness as to the quantum of lost profits and produced no records or books of account, that of itself does not render the verdict improper. The plaintiff had had 35 years experience as a commercial fisherman, and undoubtedly the jury gave consideration to his experience as well as judging his credibility from his appearance and demeanor as a witness. The court charged the jury that
"He [the plaintiff] testified that fishing is a matter of some uncertainty and that on a given day it could possibly be that there were no earnings at all, but by and large his income from such an operation would be $30 a day. That testimony is supported by no other evidence than his statement to that effect and that depends entirely upon your determination of the credibility of that statement and weight to be accorded to it. * * *"
*400 In Weiss v. Revenue B. & L. Ass'n, supra, the distinction between the ascertainment of future probable profits from a new business and one in actual operation is pointed out. Mr. Justice Heher said:
"In the first, the prospective profits are too remote, contingent and speculative to meet the legal standard of reasonable certainty: while in the second, the provable data furnished by actual experience provides the basis for an estimation of the quantum of such profits with a satisfactory degree of definiteness. * * * In the one case, the success of the business usually depends upon a variety of circumstances, and the outcome is therefore too uncertain to provide a tangible basis for computation; while in the other, past experience has demonstrated the success of the enterprise and provides a reasonably certain basis for the calculation of plaintiff's probable loss consequent upon the breach of the contract. * * *"
The instant case falls into the latter category. The plaintiff's estimate of lost profits in the operation of his business was based upon the actual experience of many years, and the credibility of his testimony was for the jury's consideration.
It is, however, emphasized that this determination is confined to the narrow issues raised on appeal. On the record and the points argued, the judgment is affirmed.