50 N.J. Super. 96 (1958)
141 A.2d 68
MARY CARLUCCI, DEBORAH CARLUCCI, AN INFANT, ET AL., PLAINTIFFS-RESPONDENTS,
v.
HERMAN T. STICHMAN, TRUSTEE OF THE HUDSON & MANHATTAN RAILROAD CO., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 31, 1958.
Decided May 2, 1958.
*97 Before Judges PRICE, HANEMAN and SCHETTINO.
Mr. James Emory argued the cause for defendant-appellant (Messrs. Emory, Langan, Lamb & Blake, attorneys).
*98 Mr. Francis Sorin argued the cause for plaintiffs-respondents.
The opinion of the court was delivered by PRICE, S.J.A.D.
Appellant seeks to set aside as excessive verdicts of $1,500 entered against it in favor of plaintiff Valerie Carlucci, an infant by her guardian ad litem Nicholas Carlucci, and in favor of plaintiff Mary Carlucci in the sum of $4,000. Verdicts entered in favor of another minor Deborah Carlucci in the sum of $5,000 and in favor of Nicholas Carlucci the father of Valerie and Deborah and the husband of Mary are not challenged.
Appellant conceded liability at the trial. The injuries resulted from an accident in a tunnel as plaintiffs Mary, Valerie and Deborah were passengers in a train of defendant. Two trains of defendant collided.
The specific question presented is whether either of said challenged verdicts is excessive.
Appellant recognizes that the verdicts should not be disturbed unless they are so excessive in amount "as inevitably to give rise to the inference of mistake, passion, prejudice or partiality, and by that standard to be palpably against the weight of the evidence." Cabakov v. Thatcher, 37 N.J. Super. 249, 258 (App. Div. 1955); Salvato v. New Jersey Asphalt & Paving Co., 135 N.J.L. 185 (E. & A. 1947); Hartpence v. Grouleff, 15 N.J. 545, 549 (1954); Wytupeck v. City of Camden, 25 N.J. 450, 466 (1957).
We consider initially the case of the minor, Valerie. Our review of this case is limited by the provisions of R.R. 1:5-3(a) which is as follows:
"* * * A verdict of a jury shall be set aside as against the weight of the evidence if, having given due regard to the opportunity of the trial court and the jury to pass upon the credibility of the witnesses, it clearly and convincingly appears that the verdict was the result of mistake, partiality, prejudice or passion."
The admeasurement of damages in awarding compensation for personal injuries is not an exact science. Moore v. Public *99 Service Coordinated Transport, 15 N.J. Super. 499, 510 (App. Div. 1951).
A study of the record in this case leads us to the conclusion that the respective verdicts in favor of Valerie Carlucci and Mary Carlucci should not be disturbed. The principles of law referable to the elements to be considered by the jury in awarding damages for the respective plaintiffs were properly and adequately outlined in the trial court's charge to the jury. In reaching this conclusion we have noted that the record discloses that as a result of the injuries she sustained Valerie suffered severe headaches, bruises and discoloration of the eye lids and left cheek, pain in both eyes, multiple contusions and abrasions of the thighs and legs, tenderness of the skull. The medical diagnosis of her condition was described by the doctor as contusions and abrasions of the thighs and post concussional syndrome. It was necessary to give her sedatives for a period of time. At the time of the trial no physical evidence of her injuries remained. Her mother however testified that the child's behavior and attitude have changed. She is afraid and clings to her mother. She worries over matters that theretofore did not seem to trouble her. The child's injuries required 16 visits to her physician from September 26, 1955 to March 15, 1956. On her discharge by the doctor his prognosis as to the outcome of the concussion was a guarded one. It is clear that the jury's award of $1,500 is not so excessive as to warrant this court in setting it aside.
Mary Carlucci, 34 years of age, mother of the minor Valerie, suffered pain and tenderness in the right axillary region; pain and tenderness in the lower right scapular region; pain in the lumbo-sacral area with some difficulty in bending; swelling, discoloration and limitation of motion of the left ankle. She had contusions, abrasions and swelling of the right elbow and a three inch laceration of the left leg; marked swelling and discoloration of the left foot and extreme nervousness. Her condition was such as to require 28 visits to the office of her physician. Most of the treatments accorded to her were diathermy of her back and *100 ankle. Her initial treatment by the doctor occurred September 25, 1955. She was discharged by the doctor on March 15, 1956. At the time of her discharge she still exhibited swelling of the ankle and testimony at the trial indicated that she was unable to stand for a long period of time without suffering pain in her back. She continues to complain of nervousness; she had been given sedation for the nervous condition. The doctor's opinion was that she was still suffering from post traumatic neurosis but that the nervousness would be eliminated by the passage of time. She is a housewife. She testified that her head continues to bother her frequently; that she has constant backaches, and that she has a nervous feeling of insecurity. At the time of her discharge the prognosis as far as the residual sprain of her back was concerned was guarded. Despite the fact that the physical injuries she sustained were injuries to the soft tissues and that many of her present complaints are subjective, the verdict of $4,000 is not so excessive that within the applicable rule and decisional law of this State it should be set aside.
Following the perfection of the appeal in this case the decision in the case of Botta v. Brunner, 26 N.J. 82 (1958) was announced. This decision held that it was improper and constituted reversible error for an attorney during the trial of a case to inform the jury of the ad damnum clause of the complaint.
At the oral argument counsel for the defendant received permission to supplement the reason for reversal theretofore assigned, which reason related to the alleged excessiveness of the verdicts in question. The supplemental reason assigned for reversal was the fact that during the trial of the case at bar plaintiffs' counsel had in his summation stated the amount claimed in the ad damnum clause of the complaint.
We also granted the application of defendant's counsel to supplement the appellate record by furnishing the court a transcript of the summation of plaintiffs' counsel.
Permission was granted also to plaintiffs' and defendant's counsel to file supplemental briefs expressing their respective *101 contentions with reference to the effect of the Botta decision in view of the fact that at the time of the trial of the instant case the prior decisions of the courts of this State had recognized the propriety of reference by counsel to the ad damnum clause of the complaint. Counsel were asked also to present their respective arguments as to whether, on the authority of the Botta decision, the judgment below could be challenged successfully although no objection was made at the trial to the reference to the ad damnum clause now the subject of criticism.
Defendant's counsel takes the position that the verdicts should be set aside in view of the Botta decision by virtue of R.R. 1:5-3(c) which provides:
"The court may notice plain errors affecting substantial rights of a party, although they were not brought to the attention of the trial court."
It is noted that prior to the Botta decision the decision in the cases of Rhodehouse v. Director General, 95 N.J.L. 355 (Sup. Ct. 1920); Lukasiewicz v. Haddad, 24 N.J. Super. 399 (App. Div. 1953) and others had held that the presently criticized comment was a proper one. The Botta case expressly overruled the Rhodehouse decision.
Counsel for the plaintiffs urges that there was no expression in the Botta decision to indicate that the court intended the ruling to be retroactive; nor to result in the reversal of a judgment as the result of a trial occurring prior to the recent pronouncement of the court, in which trial counsel had voiced no objection to the reference to the ad damnum clause. Plaintiffs' counsel urges that the basic principle of the aforesaid R.R. 1:5-3(c) is to assure substantial justice to the litigants, that its application is discretionary and should be employed sparingly. Ford v. Reichert, 23 N.J. 429 (1957).
We hold that in view of the admitted liability in this case and our finding that the verdicts were not excessive, substantial justice has been done and the verdicts should not be disturbed.
Affirmed.