LUCIEN MURAT v. WILLIAM E. BOULTON.

Where the conduct of a party has been entirely fair, and the proceedings of the court: below all regular, this court will never reverse the judgment in order to let the defendant have a trial on the merits.

This was a certiorari, removing the judgment and proceedings from a court for the trial of small causes. The reason relied upon for a reversal was as follows : Because the justice gave judgment against the defendant in his absence, which absence arose from the act of the defendant in certiorari, in deluding the plaintiff in certiorari into the belief that the said defendant would drop the suit, leave the matter in difference to Samuel Black, esq. or call on the plaintiff and settle the same.

*Wall,* in support of this reason read the affidavits of John Wilson and Amos Keeler. He insisted, that the plaintiff in certiorari had been surprised, if not deceived by the conduct of Boulton. He cited 6 *Halst.* 41. As the plaintiff in certiorari had a just and legal defence to make on the merits, he ought not, thus to be deprived of it.

*H. W. Green,* contra.

The opinion of the court was delivered by Justice Ford.

FORD, J. William E. Boulton brought an action of debt, against Lucien Murat in the court for trial of small causes, and on the return day of the summons each party filed his account against the other. The cause was then adjourned from the 19th of February to the 5th of March 1831. When the day for trial arrived, the defendant did not appear and judgment passed against him for thirty-eight dollars and three cents of debt, and one dollar and forty-one cents of costs, in his absence. On the judgment being brought into this court, the original defendant moved to reverse it, because he was deluded before the day of trial, by the plaintiff's promising to drop the suit before: the justice, and leave the matter to Samuel Black, esq. or make: an amicable settlement between themselves ; confiding in which, agreement he did not attend before the justice. Two depositions for substantiating these matters are laid before the court, one made by John Wilson and the other by Amos Keeler. It appears that John Wilson, at the request of the defendant, called on the plaintiff and told him, that Mr. Murat offered to pay the

Murat *v.* Boulton.

costs and leave the dispute to Esquire Black, and the plaintiff answered he had no objections, *provided* Mr. Murat *would pay the costs.* It also appears that Amos Keeler, at the request of the defendant, called on the plaintiff, who gave for answer that he had no objection to leave the matter to Esquire Black, or to settle it amicably, *provided* Mr. Murat would *do it* and *pay* the costs *before* the day of *trial ;* if not he should be no better off than before, and unless it was done he should get judgment if he could.

The court cannot alter the terms of an agreement and take it as being absolute when it was only on condition ; we must take it as it was made. We cannot reject a *proviso* that is sworn to by both of the witnesses. The condition was not, if the defendant would *promise* to pay the costs, for that might be the foundation of only another suit, and the plaintiff would be no better off by it. The inference from Wilson's evidence is therefore a necessary one, that on the performance of that act he would stop the suit. But Keeler's evidence is so express as leaves nothing to inference ; it is that Mr. Murat should *pay* the costs ; and do it *before* the trial day, and if he *failed* to do it that the plaintiff would get judgment against him if he could. Mr. Murat had no right to expect the fulfilment of the promise without performing the condition on his part. Here was nothing to mislead or delude a person who understood the language, and if he did not understand it (of which there is no proof) it was his misfortune but not the fault of his adversary, and where he is in no fault we cannot deprive him of a regular judgment. Where the conduct of a party has been entirely fair and the proceedings of the court below all regular, we never reverse the judgment in order to let the defendant have a trial on the merits. If we were to make a precedent of that kind, we should have to reverse every judgment by default before a justice, upon the defendant below making in this court an affidavit of merits. The allegation of the plaintiff in certiorari is not supported by either of the depositions, and therefore the judgment below must be affirmed.