GEORGE SACK, PETITIONER-PROSECUTOR, v. CITY OF OCEAN CITY, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, RESPONDENT-DEFENDANT.

Submitted May 7, 1940—Decided July 22, 1940.

Before Justices CASE, DONGES and HEHER.

For the prosecutor, *Alexander Blatt.*

For the defendant, *French B. Loveland* and *John E. Boswell.*

The opinion of the court was delivered by

CASE, J. On February 4th, 1938, George Sack, as alleged, sustained an accident arising out of and in the course of his employment. He filed a petition in the Workmen's Compensation Bureau on April 1st, 1938, and his employer, the City of Ocean City, a municipal corporation, filed an answer. The matter was noticed for hearing before the Compensation Bureau, and at the appointed time the claimant did not appear. Thereupon the employer gave notice, under *R. S.* 34:15-54, that unless the cause was moved for hearing within one month the claim would be considered abandoned and the petition dismissed. The claimant did not move within the month, and on October 15th, 1938, an order was entered in the bureau dismissing the petition and declaring the claim abandoned. There had been no hearing of the case on its merits and no proofs submitted. On December 7th, 1938, Sack filed a new petition to which the employer, on January 25th, 1939, filed an answer which not only contained responses pertinent to the allegations of the petition and making issue thereon but also reserved the right to move to dismiss upon the ground that the previous petition had been dismissed for failure of prosecution and that an order had been entered dismissing the petition and the cause. At the hearing the motion to dismiss was made and denied. The bureau found for the petitioner on the merits and made an award of compensation. On appeal the Cape May Common Pleas considered that the earlier dismissal was a final adjudication of the claim and upon that finding signed a rule for judgment reversing the bureau. The writ brings up that judgment and matters incident thereto.

The wording of the statute, viz., "that unless the cause is moved for hearing within one month of the service" of notice of motion to dismiss for want of prosecution "the claim will be considered abandoned and the petition dismissed," presents ground for uncertainty. But we think that the anticipated official act was the dismissal of the petition, not as an adverse adjudication of the claim, but upon the belief that the claim had been abandoned. It is one thing to consider that the claim is abandoned and therefore to dismiss a pend-

ing petition; it is another thing to dismiss a petition and also to *adjudicate* that the claimant is thereby estopped from further suit. Our thought is that the former course, and not the latter, was designed by the legislature.

The bureau, in our opinion, was right. The dismissal of the petition corresponded to a judgment of nonsuit in general practice. If the period of limitation for the filing of a petition for compensation had run when the original petition was dismissed or prior to the filing of the new petition, the claimant would have been out. But it had not run. Under *R. S.* 34:15-51 a claimant for compensation under article 2 of the chapter on workmen's compensation has two years from the time of the accident within which to file his petition. The accident, as above stated, was on February 4th, 1938. The second and effective petition was filed December 7th, 1938. We fail to see wherein the employer was prejudiced. The employe could have waited until the second filing date and much later for the filing of his first petition. No satisfying reason is presented to us why a workman under the cited provisions of a statute which ordinarily is construed liberally in his interest should be accorded more harsh treatment than would a litigant in an action at law under like circumstances. The cases cited *contra* are not pertinent: *Lepf* v. *Chambersburg Building and Loan Association,* 120 *N. J. L.* 535, sustained the Common Pleas Court in dismissing an *appeal* under the circumstances therein described; *Ringwall Linoleum Works* v. *Liquor,* 89 *Id.* 452, was decided upon the ground of *laches* when there was no statutory limitation upon the time for filing claims; *Smolska* v. *Court of Common Pleas,* 6 *N. J. Mis. R.* 160, *affirmed,* 105 *N. J. L.* 247, affirmed the Pleas, which in turn had affirmed the Workmen's Compensation Bureau in dismissing the petition for a delay of more than a year in taking any step on a petition that had been filed within time, the statutory limitation for filing being then one year.

The judgment in the Pleas will be reversed. Costs to the prosecutor.