WILLIAM SCHAIBLE, PROSECUTOR, v. CHAMPENOIS & CO., INC., AND MARYLAND CASUALTY COMPANY, RESPONDENTS.

Argued January 18, 1944—Decided March 16, 1944.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and COLIE.

For the prosecutor, *David Roskein* and *John A. Laird*.

For the respondent, *Coult, Satz, Morse & Coult* (*Joseph Coult*).

The opinion of the court was delivered by

BODINE, J. This is a workmen's compensation case. There was a recovery in the Bureau which was reversed in the Court of Common Pleas. There were two petitions for compensation: one, No. 45637, relates to an accident of August 11th, 1937, and was filed in time. The other, No. 42076, relates to an accident of November 16th, 1937, and was dismissed July 6th, 1939, without prejudice to the filing of a new claim. No new claim was filed. But on May 17th, 1941, the order of dismissal was vacated.

The Bureau was without power to vacate the order of dismissal in the absence of fraud, misrepresentation, mistake or the discovery of evidence which could not have been previously found by the exercise of reasonable diligence. *Franzoi* v. *Jacob Rubinoff, Inc.,* 119 *N. J. L.* 184; *Breen Iron Works* v. *Richardson,* 115 *Id.* 305.

The petition, which was not dismissed, does state that the workman ceased work on November 16th, 1937, but it makes

no mention of the accident of that day. Since it was verified June 2d, 1939, it cannot be regarded as a new claim made after the voluntary dismissal of the claim relating to the occurrence of November 16th, 1937. There can be no recovery for that occurrence because there was no timely petition relating thereto.

It is argued that since the dismissal was not upon notice, pursuant to *R. S.* 34:15–54, that it was void. Not so. Petitioner's then attorney moved for the nonsuit stating that he was desirous of filing a new petition. Petitioner cannot be heard to complain of action in the Bureau his attorney initiated.

So far as part of the recovery in the Bureau related to an occurrence as to which there was a petition and proofs to support the finding, there should have been an affirmance. As to that part which related to an occurrence as to which there was no petition, there should be a reversal.

The case is remanded to the Court of Common Pleas for the entry of a judgment not inconsistent with this opinion.