CITY OF LONG BRANCH, PROSECUTOR, v. HARRY FINN, RESPONDENT.

Submitted January 18, 1944—Decided May 1, 1944.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and COLIE.

For the prosecutor, *Coult, Satz, Morse & Coult* (*Joseph Coult*, of counsel).

For the respondent, *Parsons, Labrecque & Borden* (*Edmund J. Canzona*, of counsel).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. The question in this case is whether the Commissioner in the Workmen's Compensation Bureau has the legal right to restore a case for hearing on the merits after it has been formally dismissed on notice. On this question of control we allowed *certiorari*. The return shows that a claim petition was filed on May 16th, 1941, alleging increased disability (*R. S.* 34:15–27). The petitioner appears to have suffered compensable injuries on March 21st, 1937, and was awarded compensation on June 8th, 1940. To the present petition an answer was filed denying that the petitioner's disability had increased. The case was listed for hearing before the Bureau on several occasions but not litigated and was finally marked "Not Moved;" thereafter it was restored to the list and marked "Not Moved" for a second time.

Notice was served on the petitioner's attorney on March 22d, 1943, that the employer would move on May 7th, 1943,

to dismiss the petition unless the petitioner "shall move the cause for trial within a month from the date hereof." This practice is authorized by statute (*R. S.* 34:15–54) which reads:

"No petition shall be dismissed for want of prosecution or for failure to formally adjourn the cause, until after notice shall be served by the respondent on the petitioner or his attorney that unless the cause is moved for hearing within one month from the date of the service thereof, the claim will be considered abandoned and the petition dismissed."

The petitioner's case was not brought on for hearing within the period of one month from the date of the service of the notice and on May 14th, 1943, an order was entered which recited that the claim petition was considered abandoned and it was accordingly dismissed. There was no opposition interposed. Later on June 1st, 1943, petitioner served notice of application to reinstate the petition. Both parties were heard on the application and the Bureau revoked the order previously made and reinstated the petition. The employer here contends that the Bureau had exceeded its jurisdiction and that the doctrine of *Lepf* v. *Chambersburg Building and Loan,* 120 *N. J. L.* 535, was controlling. But that case is no authority for the question involved. There the parties were concerned with the dismissal of an appeal in a compensation case, not dismissal of a claim petition as here.

The Deputy Commissioner considered that he had power to restore the case on the authority of *Sack* v. *Ocean City,* 125 *N. J. L.* 138; *affirmed, Id.* 509. But that case is not in point. There it appeared that the petition was dismissed for failure to move the cause for hearing after notice, exactly as here. The similarity between that case and the instant case ends there. In the Sack case the petitioner filed a new petition within the two year period after the happening of the accident (*R. S.* 34:15–51). This was legally permissible. Here, too, the petitioner may file a fresh petition, if he be within the time limited by the statute for doing so. It was stated in the record and is argued in the brief of the prosecutor that more than two years had elapsed since the date of the last payment of compensation on the previous award and

consequently any further claim of the petitioner is vain (*R. S.* 34:15–51). If this be the fact it will appear when a petition is filed anew or be proved when hearing is reached. There is no proof of that matter in the record. The legislative intention in enacting this section (*R. S.* 34:15–54) of the law was to provide an orderly practice on notice for the dismissal of a petition when there is a failure to prosecute. Nor is this chapter of the statute, *supra,* to be thought to conflict with that section of the act which, among other things, provides: "* * * The judgment of the Bureau shall be final and conclusive between the parties and shall bar any subsequent action or proceeding, unless reopened by the Bureau or appealed as hereinafter provided." *R. S.* 34:15–58. This chapter of the act is considered applicable when the Bureau is asked to reopen its judgment before appeal. It was in at least one reported case considered sufficient to permit the reinstatement of a petition dismissed on notice. (Compare *Katz* v. *Zepela,* 10 *N. J. Mis. R.* 258). In that case, however, a fraud had been practiced on the court and to have denied relief would result in permitting a wrongdoer to take advantage of his wrong to the injury of an innocent party. The statute under consideration (34:15–54) was passed in 1929 (chapter 66, page 105) as a supplement to the original act (*Pamph. L.* 1911, *ch.* 95, *p.* 134). The decision of the Katz case, *supra* (in 1932) was said to be controlled by *Rose* v. *Wagner, &c.,* 2 *N. J. Mis. R.* 118 (in 1924) and this was five years before the enactment of the section of the statute under consideration. The basis of the decision in the Katz case, *supra,* is the control which courts normally have over their judgments. But, however that may be, we think, in the absence of fraud or conduct which would give rise to an estoppel, a claim petition, dismissed on notice, according to *R. S.* 34:15–54, may not be reinstated, as in this case it was.

The order under review is vacated; judgment for prosecutor, with costs.