28 N.J. Super. 92 (1953)
100 A.2d 357
PAUL E. BOWMAN, DOING BUSINESS AS BOWMAN ENGINEERING CO., PLAINTIFF-APPELLANT,
v.
A. JOHN BAMBARA, DEFENDANT-RESPONDENT. PAUL E. BOWMAN, TRADING AS BOWMAN ENGINEERING CO., PLAINTIFF-APPELLANT,
v.
AMERICAN CONCRETE PIPE COMPANY, INC., A NEW JERSEY CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 28, 1953.
Decided October 28, 1953.
*95 Before Judges EASTWOOD, JAYNE and FRANCIS.
Mr. Victor R. King argued the cause for the plaintiff-appellant.
Mr. George Pellettieri argued the cause for the defendant-respondent A. John Bambara (Mr. Italo M. Tarantola, attorney).
Mr. J.S. Lindabury argued the cause for the defendant-respondent, American Concrete Pipe Company, Inc.
The opinion of the court was delivered by EASTWOOD, S.J.A.D.
The plaintiff appeals from the judgments of the trial court denying his applications for relief from judgments of dismissal with prejudice theretofore entered.
A chronology of events seems proper. On January 4, 1951 and January 8, 1951, respectively, plaintiff filed complaints against the defendants A. John Bambara and American Concrete Pipe Company, Inc., to which in due course answers were filed by the named defendants. On April 30, 1951 plaintiff discharged his counsel. At the scheduled pretrial conference on May 2, 1951 the plaintiff's counsel answered the call and explained to the court his discharge, requesting an adjournment until September 1951 to afford plaintiff an opportunity to secure other counsel. Plaintiff was in attendance at the pretrial and observed what transpired.
A third action had been instituted by the law firm of Bowers, Rhinehart and Murphy, Esquires, on behalf of plaintiff against a different defendant. In August 1951 the county clerk, preparing to mail notices of pretrial conference, contacted plaintiff's original counsel, inquired of plaintiff's substituted counsel and was informed that he believed that Messrs. Bowers, Rhinehart and Murphy were representing *96 plaintiff. Accordingly, notice of the pretrial conference scheduled for September 7, 1951 was mailed to that law firm. Mr. Murphy denied receipt of the notices and plaintiff asserted that he did not receive notice from anyone that the pretrials were so scheduled.
On the morning of September 7, 1951 Mr. Murphy was in court representing plaintiff on another matter. When the plaintiff's cases against Bambara and the Concrete Company were called, the court was informed that Mr. Murphy did not represent plaintiff. Plaintiff failed to respond to the call and counsel for Bambara read to the court a copy of a letter addressed and mailed to the plaintiff advising him of the September 7, 1951 pretrial date and his intended motion to compel plaintiff's answer to interrogatories. No request for a postponement was made on behalf of plaintiff. In this situation the court, on defendant's motion, dismissed plaintiff's actions with prejudice. The counterclaim of the Concrete Company was dismissed without prejudice.
On March 4, 1952 plaintiff applied to the trial court under Rule 3:60-2 (R.R. 4:62-2) for an order to vacate the orders of dismissal on the ground that the court erroneously concluded that plaintiff had notice of the pretrial conference scheduled for September 7, 1951. The court determined the matter adversely to plaintiff and denied his motions.
The plaintiff contends that his motions under Rule 3:60-2 were timely made after he became aware of the trial court's action; that the county clerk had failed to notify plaintiff of the scheduled September 7, 1951 pre-trial; that the trial court erroneously found that plaintiff received notice of the pretrial through Mr. Murphy and the letter allegedly mailed by Bambara's counsel to plaintiff; that in the absence of a showing of contumacious conduct on the plaintiff's part, the trial court's action of dismissal with prejudice was not warranted; and that the trial court's refusal to re-open its dismissals was an abuse of discretion.
Rule 3:60-2, now R.R. 4:62-2, provides the authority for the court to grant relief from a judgment or order and provides, inter alia:
*97 "On motion, with briefs, and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; * * * The motion shall be made within a reasonable time, and for reasons (a), (b) and (c) not more than 1 year after the judgment, order or proceeding was entered or taken. * * *"
It is clear that relief from the operation of a judgment for reasons set forth by the aforementioned rule rests in the discretion of the trial court. Wilford v. Sigmund Eisner Co., 13 N.J. Super. 27, 33 (App. Div. 1951). Cf. In re Manfredini, 24 N.J. Super. 59 (App. Div. 1952). In the exercise of that discretion, it has been held to be not arbitrary, vague, or fanciful, if governed by established principles of law.
"Concisely it is concerned with the question whether justice requires that relief be given under the particular facts established. State v. Then, 114 N.J.L. 413 (Sup. Ct. 1935); La Bell v. Quasdorf, 116 N.J.L. 368 (Sup. Ct. 1936); State v. Hunter, 4 N.J. Sup. 531 (App. Div. 1949); State v. Hogan, 1 N.J. 375 (Sup. Ct. 1949); State v. Collins, 2 N.J. 406 (Sup. Ct. 1949). The exercise of such discretion will not be disturbed on appeal or review unless it has been clearly abused. State v. Collins, supra." State v. Bunk, 4 N.J. 482, 485 (1950).
It is interesting to note the authority that is delegated under the rules to the trial court in situations where a party fails to attend a pretrial conference or where the plaintiff fails to comply with the court rules or any order of the court. To illustrate, under R.R. 4:29-1(c) (formerly Rule 3:16 and A-19), the rule provides:
"(c) For failure to appear at a pretrial conference or to participate therein or to prepare therefor, the court in its discretion may make such order with respect to the imposition of costs and counsel fees and with respect to the continued prosecution of the cause, including dismissal, or of the defense thereof, as is just and proper." (Italics ours)
And by R.R. 4:42-2(a) (formerly Rule 3:41-2):
"(a) For failure of the plaintiff to cause a summons to issue within 10 days after filing the complaint or to prosecute an action *98 for 6 months, or to comply with these rules or any order of court, the court in its discretion may on motion of defendant dismiss an action or any claim against him. Such a dismissal shall be with prejudice unless otherwise specified in the order." (Italics ours)
Of course, as stated by Judge Francis in Mayflower Industries v. Thor Corp., 15 N.J. Super. 139, 161 (Ch. Div. 1952), affirmed 9 N.J. 605 (1952), a judgment of dismissal with prejudice entered pursuant to Rules 3:41 and 3:41-2 should be employed sparingly, and with caution.
Our province is to determine whether, under the circumstances, there has been a mistaken use of sound judicial discretion. While we find no difficulty in characterizing plaintiff's conduct as "inexcusable neglect," the fact remains that he was without the services of an attorney for a considerable period of time. However, at the pretrial conference on May 2, 1951 ample opportunity to secure counsel was given to plaintiff when a continuance until the first pretrial conference in September was granted for that purpose. Yet, in September he was still without the services of an attorney. It is a fair implication that plaintiff's failure to get another attorney was due largely to his obstinacy in refusing to settle financial matters with his original attorney, with the result that other attorneys were reluctant to assume representation of his interests.
Where the moving party is a layman, or where some action is required of a lay person unskilled in matters of legal practice, our courts, of course, exercise guarded discretion to protect him and will grant relief in accord with established principles of law and the facts of the particular case.
"Mere neglect or inadvertence resulting in default will not alone justify the vacation of the ensuing judgment, but the neglect or inadvertence must be excusable and real, and practical grounds for excuse must be factually shown in support of a motion to set aside judgment." Williams v. Knox, 10 N.J. Super. 384, 388 (Law Div. 1950).
The diligence required of a layman who has been personally advised by the court to seek other counsel and be *99 prepared for a pretrial conference some three months hence, should be no less than that exercised by a man of ordinary prudence in his important business affairs, or be labeled as inexcusable neglect. Considerable question arises just when plaintiff became aware of the judgments of dismissal entered against him and serious doubt exists as to whether he exercised reasonable diligence in moving to have the judgments vacated after learning of them. At one point he stated that he learned of the judgments in November 1951, and then at another point, he stated that it was in February 1952. There is further evidence that he acquired such knowledge at an early date following entry of the judgments.
We find that the plaintiff failed to establish on his motion before the trial court that the quality of his conduct constituted "excusable neglect." However, in considering all the circumstances presently before us and adopting the language of Judge Jayne in Spencer v. Steel, 23 N.J. Super. 504, 510, 511 (App. Div. 1952), "Our conclusion is that the dismissal of the former action was justified but that the judgment should have been without prejudice and should have been so converted in response to the motion made under Rule 3:60-2."
Consonant with our conclusions we direct that the judgments be modified by eliminating therefrom the words "with prejudice" and substituting the words "without prejudice," upon the following terms: that no costs be allowed the plaintiff on the appeal; that he pay the taxed costs below as well as the reasonable disbursements incurred by the defendants in connection with the hearing of the motion for vacating the judgments of dismissal.
The judgments, as modified, are affirmed.