30 N.J. Super. 548 (1954)
105 A.2d 427
JOSEPH P. BALLURIO AND STEPHEN CONSTANTINO, t/a SOUTH JERSEY HEATING CO., PLAINTIFFS-RESPONDENTS,
v.
MICHAEL CAMPANARO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 17, 1954.
Decided May 24, 1954.
*549 Before Judges EASTWOOD, JAYNE and SMALLEY.
Mr. David L. Horuvitz argued the cause for the plaintiffs-respondents (Mr. Harry Adler, attorney).
Mr. John B. Baratta argued the cause for the defendant-appellant.
The opinion of the court was delivered by EASTWOOD, S.J.A.D.
On March 26, 1952 a judgment of dismissal with prejudice of plaintiffs' action was entered on direction of the Atlantic County District Court. At the same time the defendant's counterclaim was voluntarily dismissed. On November 16, 1953 plaintiffs gave notice of an application to reopen the judgment, which was heard on November 25, 1953, and the order reopening the judgment was entered on December 18, 1953, from which latter order the defendant appeals.
A chronology of events may be enlightening. The plaintiffs' summons and complaint were filed on February 15, 1952. Defendant's answer and counterclaim were filed on February 25, 1952. At the appointed trial date (March 26, 1952), the defendant's attorney appeared with the defendant *550 and his witnesses. Neither the plaintiffs nor their attorney or witnesses made any appearance. Thereupon, on motion of defendant, the plaintiffs' action was dismissed with prejudice and the defendant's counterclaim was voluntarily dismissed.
The appeal is submitted on the statement of proceedings as settled by the district court pursuant to R.R. 1:6-3. In the court's finding of fact and conclusion of law the judge stated that he felt "that it might have acted too hastily in granting a dismissal with prejudice on the first return date and that therefore the court has invoked Rule 7:1-2 which permits the relaxation of rules where the same might act as injustice or surprise upon the litigants."
The appellant contends that the court was without power to reopen the judgment, more than one year having elapsed from the entry thereof; that the plaintiffs failed to make a proper showing of the grounds asserted for the exercise of the discretion of the trial court, i.e., excusable neglect and a meritorious claim; and that the reopening of the judgment was prejudicial to the defendant.
We are convinced that the order reopening the judgment must be set aside. The authority under which the court may grant relief from a judgment or order is contained in R.R. 4:62-2, wherein it provides, inter alia:
"On motion, with briefs, and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; * * * The motion shall be made within a reasonable time, and for reasons (a), (b) and (c) not more than 1 year after the judgment, order or proceeding was entered or taken. * * *"
Although it is undisputed that plaintiffs' attorney had knowledge of the judgment on April 15, 1952, no action whatsoever was undertaken by them to effectuate a reopening of the judgment of dismissal until the 13th of November, 1953  more than 18 months subsequent thereto. At the argument of the motion to reopen, the only affidavit in support thereof was that of the attorney for the plaintiffs, wherein *551 he stated that the original trial date was adjourned, but through inadvertence he had no knowledge thereof and, therefore, did not appear with the plaintiffs and their witnesses; that they did not know that it was scheduled for trial on March 26, 1952, and "I am satisfied that the plaintiffs have a good cause of action against the defendant and that their failure to appear at the trial on the date for which it was set was through excusable neglect of myself and not through any negligence of their own."
The court record discloses that the only trial date set was March 26, 1952 and does not reveal that any prior date had been set from which an adjournment was granted.
There is no contention that the clerk of the court failed to mail a notice of the trial date to the parties, and the only reason advanced by defendant's attorney for his failure to appear on the date set "was through excusable neglect of myself and not through any negligence of their own." But, more important, at the argument of the motion to reopen there was no proof to indicate what constituted the excusable neglect asserted for failure to take any action to reopen for over 18 months.
In the case presently before us, we think there was an absolute failure of proof to establish excusable neglect. In view of the rule (R.R. 4:62-2), limiting the presentation of such an application to "not more than one year after the judgment, order or proceeding was entered or taken," the trial judge was without jurisdiction to consider that ground for reopening the judgment.
Nor do we find that the defendant submitted any proofs to the trial court warranting the reopening of the judgment for "* * * (f) any other reason justifying relief from the operation of the judgment or order." Naglieri v. Trabattoni, 14 N.J. Super. 54, 57 (App. Div. 1951); Schulwitz v. Shuster, 27 N.J. Super. 554 (App. Div. 1953).
It is a settled rule that a default judgment will not be reopened on the mere ground of neglect or inadvertence. To justify the vacation of a default judgment, there must be factual proof that the neglect or inadvertence is actually *552 excusable. Williams v. Knox, 10 N.J. Super. 384, 388 (Law Div. 1950); Schulwitz v. Shuster, supra; Bowman v. Bambara, 28 N.J. Super. 92 (App. Div. 1953). Such proof is lacking here.
Nor was there any proof before the trial court on the hearing of the application to reopen the judgment to show that the plaintiffs had a meritorious cause of action. The statement of the attorney for the plaintiffs that "I am satisfied that the plaintiffs have a good cause of action against the defendant," is a mere conclusion with absolutely no supporting proof thereof. Not only must the plaintiffs have shown excusable neglect on such an application, but must also bear the burden of showing they have a meritorious claim. Kaffitz v. Clawson, 134 N.J. Eq. 494, 495 (Ch. 1944), and cases cited therein; Schulwitz v. Shuster, supra.
The order reopening the judgment of dismissal is reversed and the judgment of dismissal is reinstated.