46 N.J. Super. 335 (1957)
134 A.2d 716
WILLIAM J. LYNCH, PETITIONER-RESPONDENT,
v.
CITY OF NEWARK, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued August 19, 1957.
Decided September 20, 1957.
*336 Before Judges PROCTOR, GRIMSHAW and PINDAR.
Mr. Harry A. Pine argued the cause for appellant (Mr. Vincent P. Torppey, attorney; Mr. Alfred Del Negro, on the brief).
Mr. Bernard Hughes argued the cause for respondent (Mr. Joseph P. Dunn, attorney; Mr. William J. Straub, of counsel and on the brief).
*337 PER CURIAM.
We affirm for the reasons given by Judge Foley in the County Court (Lynch v. City of Newark, 43 N.J. Super. 546 (Cty. Ct. 1957)), except as to the application of the statutory provisions contained in N.J.S.A. 34:15-51 and 34:15-54. As to these sections, we conclude that they stand in pari materia, having been simultaneously enacted as part of the revision of the Workmen's Compensation Law, as included in Title 34, chapter 15 of the Revised Statutes. They should therefore be construed to give effect to both. Cf. Crater v. County of Somerset, 123 N.J.L. 407 (E. & A. 1939). This construction results in the preservation of the claimant's right to file a petition within two years after the last payment of compensation, notwithstanding the dismissal of his claim petition for want of prosecution under N.J.S.A. 34:15-54, if such dismissal occurred within the two-year period. If such a dismissal occurs after the expiration of the two-year period, then the claimant still has the right to have his dismissed claim petition reinstated under that section for good cause shown within one year thereafter. Furthermore, N.J.S.A. 34:15-54 does not provide for any effect or consequence of the dismissal as to the claimant's rights under any other provision of the Workmen's Compensation Law. N.J.S.A. 34:15-51 makes no exception in respect to the application of the two-year provision by reason of any action which may have been taken under N.J.S.A. 34:15-54.
Upon the opinion of Judge Foley, to the extent adopted by us and for the foregoing reasons, we affirm the judgment of the County Court.