53 N.J. Super. 293 (1958)
147 A.2d 269
LEWIS ROSSETTI, PLAINTIFF-RESPONDENT,
v.
PUBLIC SERVICE COORDINATED TRANSPORT AND WILLIAM E. WILLIAMS, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued December 15, 1958.
Decided December 26, 1958.
*295 Before Judges PRICE, HALL and GAULKIN.
Mr. Louis F. Stein, Jr., argued the cause for defendants-appellants (Mr. Stein, attorney; Mr. John J. Lee, of counsel).
Mr. Samuel L. Shapiro argued the cause for plaintiff-respondent (Mr. Samuel A. Curcio, attorney; Messrs. Shapiro and Brotman, of counsel).
The opinion of the court was delivered by HALL, J.A.D.
The question on this appeal is the propriety of the action of the trial judge in the Law Division in granting plaintiff's motion for a new trial following a jury verdict of no cause for action. The basis of the motion was alleged error in the comments of the court to the jury concerning its further deliberations after a request for additional instructions.
The suit, grounded in negligence, sought recovery for personal injuries and property damage claimed to have been suffered by plaintiff as a result of a collision between the automobile he was driving and a bus owned by the corporate defendant and driven by the individual defendant. After the charge to the jury, defense counsel orally asked the judge to charge the so-called "equipoise doctrine." He attempted to do so in this unclear language: "* * * if in determining the facts here your opinion is equally divided or your consideration of the facts are equally divided and equal in all respects, then of course under that circumstance the defendant is entitled to a verdict of no cause for action."
The jury then retired and, after deliberating for about an hour and a quarter, returned for further instructions requested in the following note handed up to the judge:
*296 "We, the jurors, are uncertain about what the results of a 6 to 6 vote by the jury would mean. Some of us feel that as per your instructions before our exit from the courtroom this vote of 6 to 6 would ascertain a decision in favor of the defendants. Please advise us if this is a correct or improper assumption."
The question urged on this appeal arises from what the judge then said and it is best presented by direct quotation from the transcript:
"The Court: In the first place, Ladies and Gentlemen, if I understand your note, six to six vote means nothing. You cannot arrive at a decision with a six to six vote.
I told you earlier that under the laws of New Jersey this case can be decided by ten of you, eleven, or twelve, but no less than ten. Does that answer part of your question?
Now the other fact that six of you believe one way and six believe another also does not decide anything. If all of you, or ten of you believe that the testimony stands in the balance, in equipoise, that neither side has carried the burden and that the testimony is equally balanced between the parties, then of course the defendants will be entitled to a verdict of no cause for action. But that is not your situation here. None of you have agreed on anything. That is the way you are. I must have a verdict by at least ten of you. That verdict must be based upon the evidence. If you cannot agree, it will mean that I will have to discharge you and have this case tried over again in the future, but not by this same panel. I don't want to do that, so I am going to keep you out there for awhile because I want a verdict.
To try a case over of this kind or any kind is expensive to the people, to you, to the State, and to the County. It would mean another trial and to do that I would avoid that if I possibly could.
Now have I answered your questions, Mr. Foreman?
Mr. Foreman: Yes, sir.
The Court: Now you have got to arrive at some verdict, but ten of you must agree. You cannot come in and tell me six of you agree and six do not. That doesn't mean a thing. Ten of you must agree and the verdict is simple; either in favor of the plaintiff or in favor of the defendant. That is it.
Any objections to what I have said, Mr. Lee? [Defendants' attorney] Any objections, Mr. Curcio? [Plaintiff's attorney]
Mr. Curcio: Well, your Honor, suppose the Jury should disagree, how * * *.
The Court: That is up to them. If they disagree, I still have to have a statement from them that they all disagree. That disagreement is not going to take place in an hour and fifteen minutes. They will have to be out there a few hours."
*297 There followed a further request from defendants' counsel as to the equipoise doctrine and the court recharged it in substantially the same language as quoted above. No further objection was made. The jury retired again, and after further deliberation of a half-hour returned with a 10 to 2 verdict in defendants' favor.
On the motion for a new trial plaintiff urged that the instruction of the court stressing the necessity of the jurors' arrival at a verdict, with emphasis on the expense of a retrial and without any admonition against surrender by a juror of conscientious scruples or personal convictions merely for the sake of reaching a verdict, was improper as having a coercive tendency, within the principle laid down by In re Stern, 11 N.J. 584 (1953). The judge reserved decision and, by letter opinion, granted a new trial "under the authority of In re Stern * * *." Defendants' appeal from the order entered thereon is by leave of this court. R.R. 2:2-3.
It is to be noted at the outset that the case comes before us not by way of direct review of the trial court's comments to the jury, as in the Stern case, but for review of his own action in granting the new trial. A motion for a new trial is, broadly speaking, a matter addressed to the sound discretion of the trial judge. Sokol v. Liebstein, 9 N.J. 93, 99 (1952); Panko v. Flintkote Co., 7 N.J. 55, 62 (1951); Palestroni v. Jacobs, 10 N.J. Super. 266, 273 (App. Div. 1950). The scope of review is confined to a consideration of whether there was an abuse of that discretion and its exercise will be interfered with only when an appellate tribunal is satisfied that there has been such abuse injuriously affecting substantial rights as to amount to a manifest denial of justice. Fisch v. Manger, 24 N.J. 66, 80 (1957); Sokol v. Liebstein, supra; Erdo v. Stahlin, 11 N.J. Super. 305, 309 (App. Div. 1951). While it has been well said, in a situation analogous to the one at bar, that the exercise of discretion "cannot ordinarily be brought to the test of any fixed and definite rule" (Palestroni v. Jacobs, supra (10 N.J. Super. at page 273)), it should *298 also be stated that, generally, it must be a legal discretion, not capricious, arbitrary or amounting to a mere whim, and that the trial judge must take account of the law applicable to the particular circumstances and be governed accordingly. Implicit is conscientious judgment, directed by law and reason and looking to a just result. Sokol v. Liebstein, supra; Carlo v. Okonite-Callender Cable Co., 3 N.J. 253, 263 (1949); Erdo v. Stahlin, supra; Weir v. Luz, 137 N.J.L. 361, 363 (Sup. Ct. 1948).
We are not here dealing with the scope of review of a trial court's action on a new trial application involving weight of evidence. R.R. 1:5-3(a). See Hartpence v. Grouleff, 15 N.J. 545 (1954); compare Hager v. Weber, 7 N.J. 201 (1951). See Brochin and Sandler, Appellate Review of Facts in New Jersey, 12 Rutgers L. Rev. 482, 492-503 (1958). In such cases, the trial judge is primarily concerned with evidence, facts and the credibility of witnesses, matters which may be more nebulous from the standpoint of the law to be applied to guide the exercise of his discretion than we have in the present case, or in those situations, analogous to the one at bar, which involve alleged misconduct by or with respect to jurors (Panko v. Flintkote Co., supra; Jardine Estates, Inc. v. Donna Brook Corp., 42 N.J. Super. 332 (App. Div. 1956)), or extraneous matter irregularly before a jury during deliberations (Palestroni v. Jacobs, supra), or improper reception of a verdict (Weir v. Luz, supra).
Appellants urge that the action of the trial court was erroneous because his remarks to the jury did not amount to coercion within the Stern case and subsequent decisions on the subject, and therefore he abused his discretion by reason of failure to take into account the applicable underlying law. But it is not necessary for us to decide whether what the trial judge said here was or was not within the condemnation of Stern. All we need decide is whether the trial judge, in the exercise of his judicial discretion, could reasonably have come to the conclusion that what he said may have been coercive within the meaning *299 of that decision. It cannot be concluded that the comments might not have had an improper coercive tendency on some jurors, especially with the return of a non-unanimous verdict within a comparatively short space of time. The trial judge obviously came to this opinion, upon reflection after argument of the motion. He had the "feel" of the case and his conclusion, commendably acknowledging his own error, is entitled to great consideration. As was said in Hartpence v. Grouleff, supra, in discussing a substantive portion of the charge which might have been misleading:
"Trial judges are wont to set aside verdicts, and properly so, when they are convinced or have a grave doubt that a portion of the charge may have misled the jury." (15 N.J., at page 549).
We feel the trial judge did take into account the applicable law, had a reasonable basis for coming to the conclusion he did and so very properly exercised his discretion in granting the motion.
It is suggested, however, that any error in the trial court's comments was harmless because it was not demonstrated that denial of the relief sought by plaintiff would be inconsistent with substantial justice. R.R. 4:63-1. Since the testimony is not printed, we have no possible way of telling whether the verdict was a proper one under the evidence regardless of the court's comments. But in any event that is no criterion to be considered in the present type of situation, for (assuming there were enough to go to the jury) the true test, from the standpoint of the cited rule, is whether the court's comments had the capacity on their face to coerce the jury and so interfere with its untrammeled and independent judgment. If it could (and we have already pointed out that the trial judge reasonably came to that conclusion here), a new trial should be granted without further inquiry as to actual effect, let alone consideration of whether the verdict was the correct result in the case. In re Stern, supra; Panko v. Flintkote Co., supra; Palestroni v. Jacobs, supra; Wright v. Bernstein, 23 N.J. 284, 295 (1957).
*300 Appellants also argue that plaintiff cannot object to any error in the court's comments because of the failure of their attorney to object at the time. However, the failure to make timely and adequate objection does not deprive the trial judge of the authority, in the exercise of his judicial discretion as above defined, to order a new trial. A trial court may, even on its own initiative, order a new trial (R.R. 4:61-4) whenever it feels that substantial, even though unnoticed, error had been committed (R.R. 4:63-2), on the same basis as an appellate court will note plain error (R.R. 1:5-3(c), 2:5); In re Stern, supra.
We see no merit in appellants' contention that it was prejudiced in defense of the motion because plaintiff's permissive brief thereon was not delivered to their counsel until just before the argument, apparently at the same time it was also handed to the court, instead of at least 48 hours earlier. R.R. 4:5-10(b). The notice of motion plainly detailed the grounds which would be urged and after the argument the court gave appellants almost a week to file an answering memorandum. This was done, and the matter was not decided until 12 days after that.
The order is affirmed, costs to abide the event of the new trial.