55 N.J. Super. 493 (1959)
151 A.2d 58
JOSEPH NEMETH, PETITIONER-RESPONDENT,
v.
OTIS ELEVATOR CO., INC., RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 13, 1959.
Decided May 7, 1959.
*495 Before Judges GAULKIN, SULLIVAN and FOLEY.
Mr. Edward E. Kuebler argued the cause for respondent-appellant.
Mr. Abram Simon argued the cause for petitioner-respondent.
The opinion of the court was delivered by GAULKIN, J.A.D.
Claiming that he was injured on January 4, 1954, Joseph Nemeth filed his petition for workmen's compensation on June 12, 1954. He failed to prosecute his claim, and upon notice (given pursuant to R.S. 34:15-54 as amended by L. 1947, c. 267), the petition was dismissed in the Division on March 5, 1957. Almost a year later, on February 24, 1958, Nemeth's attorney served notice of application for an order restoring the claim petition to the trial calendar. The notice stated that the motion was being made pursuant to said statute "upon the ground that there is a causal relationship between the injuries sustained *496 by petitioner, which arose out of and in the course of his employment * * *" [sic].
The only affidavit submitted in support of the motion was one sworn to by petitioner's attorney. That affidavit offered not one word of explanation for the failure to prosecute, the acquiescence in the dismissal, or the delay in making application to re-open. The affidavit merely said that "unless this application * * * is granted the petitioner's cause of action will be barred by the Statute of Limitations, and the petitioner will be deprived of his day in court * * * Your deponent [the attorney] further states that he is advised that the petitioner has a meritorious cause of action * * *."
Upon the return day of the motion to reinstate, petitioner's counsel mentioned that petitioner had theretofore been represented by other counsel, but nothing was presented to the deputy to account for the want of prosecution, the acquiescence in the dismissal, or the delay. Nevertheless the deputy granted the motion. He said:
"There is no question in my mind there has been laxity on behalf of the moving party, either through the fault of the petitioner, or to a degree from counsel * * *
It would be speculation as to where the fault may lie and I am not here to speculate. * * *
I realize there has been laxity, delay, undoubtedly unnecessary delay * * * However, I do not wish the petitioner to be deprived of his day in court * * * I feel my duty is to the petitioner, to give him his opportunity to have his day in court and I will grant the motion to restore * * *"
The employer appealed to the County Court from the resulting order. The County Court affirmed, in spite of the fact that Nemeth produced nothing more before the County Court than he had in the Division. From the judgment of the County Court the employer now appeals to this court, pursuant to leave granted under R.R. 2:2-3.
At the oral argument before us Nemeth's counsel was unable to give us any reason for the lack of prosecution or *497 for the acquiescence in the dismissal until more than four years after the alleged injury, except the hypothesis that perhaps the previous attorneys did not have as much confidence in the case as present counsel has.
Appellant contends that under R.S. 34:15-54, as amended, a petition may be reinstated only upon "good cause shown," and that here there was nothing before the lower tribunals which constituted good cause justifying the reinstatement. Respondent, on the other hand, argues that (1) restoration to the list is a matter that lies within the judicial discretion of the deputy, reviewable only for abuse; (2) the fact that the statute had run against a new petition is in and of itself "good cause" for reinstatement under the statute; and (3) even if it were not, it is a basis for the exercise of judicial discretion to reopen, sufficient to repel the charge that the discretion had been abused.
We find ourselves unable to agree with respondent. "While it has been well said * * * that the exercise of discretion `cannot ordinarily be brought to the test of any fixed and definite rule' (Palestroni v. Jacobs, supra (10 N.J. Super., at p. 273)), it should also be stated that, generally, it must be a legal discretion, not capricious, arbitrary or amounting to a mere whim, and that the trial judge must take account of the law applicable to the particular circumstances and be governed accordingly. Implicit is conscientious judgment, directed by law and reason and looking to a just result." Rossetti v. Public Service Coord. Transport, 53 N.J. Super. 293, 297-298 (App. Div. 1958).
Whenever the words "good cause" appear in statutes or rules relating to the opening of defaults they mean (in the absence of other modifying or controlling words) a substantial reason that affords legal excuse for the default. We insist, of course, that a litigant be given every reasonable opportunity to have his day in court; but there is also the "strong public policy that there should be an end to a case in litigation." Hines v. Royal Indemnity Company, 253 F.2d 111 (6 Cir. 1958). That public policy has been *498 recognized in our cases from earliest times. For example, in Murat v. Boulton, 13 N.J.L. 304 (Sup. Ct. 1833), the court said:
"where the conduct of a party has been entirely fair and the proceedings of the court below all regular, we never reverse the judgment in order to * * * have a trial on the merits. If we were to make a precedent of that kind, we should have to reverse every judgment by default * * * upon the defendant * * * making an affidavit of merits * * *"
It is as true today as it was in 1833 that a judgment will not be reopened without a showing of excuse for the default as well as merit. A party "is not to be penalized or made accountable for the indifference, or inertia," of his adversary. Hanover Trust Co. v. Rizzo, 110 N.J.L. 581, 583 (Sup. Ct. 1933). "It is a settled rule that a default judgment will not be reopened on the mere ground of neglect or inadvertence. To justify the vacation of a default judgment, there must be factual proof that the neglect or inadvertence is actually excusable." Ballurio v. Companaro, 30 N.J. Super. 548, 551 (App. Div. 1954). Cf. Bowman v. Bambara, 28 N.J. Super. 92 (App. Div. 1953); Schulwitz v. Shuster, 27 N.J. Super. 554 (App. Div. 1953); Williams v. Knox, 10 N.J. Super. 384 (Law Div. 1950). Our courts have, "in furtherance of the interests of justice," applied to administrative proceedings the principles which govern the setting aside of defaults in the courts. Stone v. Dugan Brothers of N.J., 1 N.J. Super. 13 (App. Div. 1948).
To implement that public policy we have statutes of limitations (such as R.S. 34:15-51); and statutes (such as R.S. 34:15-54) and rules (such as R.R. 4:56-3 and R.R. 4:62-2) which forbid the setting aside of defaults upon mere whim. R.S. 34:15-51 (which limits the time within which claim petitions may be filed) and R.S. 34:15-54 must be read together. Lynch v. Newark, 46 N.J. Super. 335, 337 (App. Div. 1957). So read they show a legislative policy that claim petitions be filed within two *499 years and processed expeditiously. Delay within the two years is viewed charitably; beyond the two years critically. Sack v. Ocean City, 125 N.J.L. 138 (Sup. Ct. 1940) affirmed o.b. 125 N.J.L. 509 (E. & A. 1940); Lynch v. Newark, supra. Even before the 1947 amendment, the claimant had the right to file a new petition notwithstanding the dismissal of his claim petition for want of prosecution, if such dismissal occurred within the two-year period. Sack v. Ocean City, supra; Lynch v. Newark, supra. On the other hand, if such a dismissal occurs after the expiration of the two-year period, and the claim petition is not reinstated, no new petition may be filed, even under L. 1947, c. 267. In other words, R.S. 34:15-54, as amended, is intended to bring a compensation case to an end regardless of the merits in the event the claimant does not diligently prosecute his petition. "Good cause," therefore, is concerned not with the merits alone but as well with the excuse for the delay.
Prior to its amendment by L. 1947, c. 267, R.S. 34:15-54 merely provided that "No petition shall be dismissed for want of prosecution * * * until after notice * * * that unless the cause is moved for hearing within one month from the date of the service thereof, the claim will be considered abandoned and the petition dismissed." Under that and similar earlier statutes there was great doubt (prior to 1948, when Stone v. Dugan Brothers, supra, was decided) whether the Division had the right to reinstate a dismissed petition. See, for example, Breen Iron Works v. Richardson, 115 N.J.L. 305 (Sup. Ct. 1935), affirmed o.b. 117 N.J.L. 150 (E. & A. 1936); Franzoi v. Jacob Rubinoff, Inc., 119 N.J.L. 184 (Sup. Ct. 1937); Long Branch v. Finn, 131 N.J.L. 488 (Sup. Ct. 1944); Schaible v. Champenois & Co., Inc., 131 N.J.L. 436 (Sup. Ct. 1944), affirmed o.b. 132 N.J.L. 417 (E. & A. 1944).
Apparently L. 1947, c. 267, was adopted to dissipate that doubt. It gave the Division the right to reinstate a petition "for good cause shown, upon application made * * * *500 within one year." If the Legislature had wished to permit the reinstatement of all petitions dismissed for want of prosecution (or when it is too late to file a new one) merely upon application within one year of the dismissal, the Legislature could easily have said so, and there would have been no need to use the words "for good cause shown." The fact that the Legislature did use those words shows that it meant that not every such application should be granted; and we hold that the Legislature intended good cause to mean what we have already pointed out it has always meant in connection with the opening of defaults.
In the case at bar there was nothing at all submitted to the deputy which touched the question of good cause as we have defined it. Hence the deputy had nothing before him upon which to exercise his discretion. In other words, the deputy did not "take account of the law applicable to the particular circumstances," nor was he "governed accordingly." Rossetti v. Public Service Coord. Transport, supra.
The judgment of the County Court is therefore reversed, and the dismissal for want of prosecution entered March 5, 1957 is reinstated. No costs.